KEISTER ET AL., APPELLANTS, *v.* PARK CENTRE LANES, APPELLEE.

(No. CA-5621—Decided December 9, 1981.)

*Mr. Richard G. Reichel,* for appellants.

*Messrs. Vogelgesang, Howes, Lindamood, Zawaly & Brunn* and *Mr. Douglas N. Godshall,* for appellee.

MILLIGAN, J. This is a customer's slip-and-fall case. The accident occurred on the sidewalk/parking lot of the defendant-appellee bowling alley. Motions for summary judgment (Civ. R. 56) were sustained as to officers and employees of the defendant corporation. These judgments were made final by recitals that there was no just reason for delay, and they were not appealed. Thereupon the defendant bowling alley filed its motion for summary judgment which was granted by the Stark County Court of Common Pleas.

The plaintiff-appellant assigns three errors:

"1. The court erred in granting summary judgment in favor of defendant-

appellee on the grounds that defendant-appellee was not negligent as a matter of law.

"2. The court erred in granting summary judgment in favor of defendant-appellee on the grounds of contributory negligence.

"3. The court erred in granting summary judgment in favor of defendant-appellee on the grounds of assumption of the risk."

The judgment of the trial court is general. It is impossible to determine the specific grounds upon which the trial court ruled.[1]

Three possible explanations for the court's judgment exist: (1) the defendant was not negligent as a matter of law; (2) the plaintiff was contributorily negligent as a matter of law; or (3) the plaintiff assumed the risk as a matter of law. An affirmative conclusion as to any of these options results in an affirmance of the trial court.

The current glut of summary judgment cases involving negligence actions in this court and other courts of appeals throughout the state of Ohio justifies a fresh examination of the procedure.

### Pleadings

In her complaint the plaintiff alleges that she was a business invitee of the defendants and that "upon leaving the defendants' place of business she was proceeding towards the parking lot when she fell due to accumulated ice and snow. * * * [D]efendants allowed cars to park in the fire lane, thus blocking the normal path of egress from the building and making it impossible for her to see the accumulated ice and snow. * * * [D]efendants were negligent in creating this dangerous situation and/or failing to notify her of the existence of the dangerous condition."

The second cause of action is a com-plaint by the husband of the injured plaintiff for loss of services.

In its answer the defendant denies negligence and says "that any injuries sustained by Hilda Keister on February 8, 1978, were proximately caused by her own negligence * * *. Hilda Keister voluntarily assumed known risks at the time of her injury * * *."

The defendant filed with its motion for summary judgment a brief and deposition of the plaintiff taken as upon cross-examination. The plaintiff filed a motion to dismiss the motion for summary judgment and a brief. The defendant filed a reply brief.

The plaintiff filed no affidavits, depositions, or other testimonial assertions. Thus, the entire body of testimony lies within the deposition of the plaintiff taken upon cross-examination.

### Facts

On February 8, 1978, the plaintiff went to the defendant-bowling alley to bowl. The accident happened as she left the bowling alley and sidewalk in front of the alley, slipping on a "big chunk of ice." Additional undisputed facts are derived from the testimony of the plaintiff.

There is no other testimony, ergo there are no other facts. The case is ripe for summary judgment consideration. There are no material, operative facts in dispute.

### Summary Judgment Rule 56

The Summary Judgment Rule in Ohio, Civ. R. 56, effective July 1, 1970, is substantially the same as the statute it replaced, R.C. 2311.041. Both were patterned after Fed. R. Civ. P. 56. 10 West's Ohio Practice 268.

"Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively

---

[1] Summary judgment proceedings are specifically excluded from Civ. R. 52, providing for findings of fact and conclusions of law. Further, in this case there was no memorandum.

used in England for more than 50 years, and has been adopted in a number of American states." Federal Advisory Committee Notes to Federal Rule 56, cited at 10 West's Ohio Practice 270.

Motion for Directed Verdict Compared

The pretrial decision the court must make is comparable to that made upon a motion for directed verdict at the conclusion of the trial testimony. The trial court may reason, "If this were all of the evidence presented in the trial, both sides having rested, should I arrest the case from the jury?" If his answer is "yes," Rule 56 says, "Do it *now!*"

"* * * The unique aspect of the summary judgment device is that it requires parties to bring forward before trial evidentiary facts from which the material facts alleged in the pleadings could warrantably be inferred. Summary judgment is not designed as a mode of attack on technical or formal defects in pleadings. To some extent it is employed where only an issue of law is presented by the pleadings, the province of the traditional demurrer. * * *

"* * *

"It is frequently declared that a summary judgment will be granted where the weight of the evidence introduced on the motion corresponds with the weight of evidence which at the end of a trial would warrant a directed verdict." Factors Affecting The Grant or Denial of Summary Judgment, 48 Colum. L. Rev. 780 (1948), cited at 10 West's Ohio Practice 283.

The Ohio Supreme Court added its encouragement to the time-saving procedure in 1967:

"The summary-judgment statute * * * was enacted with a view to eliminating from the backlog of cases which clog our courts awaiting jury trials those in which no genuine issue of fact exists. The availability of this procedure and the desirability of its aims are so apparent that its use should be encouraged in proper cases." *North* v. *Penna. Rd. Co.*

(1967), 9 Ohio St. 2d 169, 171 [38 O.O.2d 410].

In unusually strong language the court went further, (1) inviting appeal to the Supreme Court where summary judgments are reversed by courts of appeals, and (2) placing clear burdens upon an appellant.

"With this in mind, appellate courts reviewing orders allowing motions for summary judgment should require the appellant, upon whom the duty of demonstrating prejudicial error rests, to define with great specificity the area in which a factual dispute exists, and this court should review as of public or great general interest doubtful reversals in this area. * * *" *Id.*

Applicability to Negligence Cases

The frequent application of summary judgment procedure to negligence cases is a recent phenomenon. Earlier commentators suggested that "[n]egligence cases in which summary judgment may properly be granted are exceptional." Wills, Procedure Under the Ohio Summary Statute, 20 Ohio St. L. J. 613, 615 (1959).

Suffice it to point out that (1) *North, supra,* involves a negligence claim, and (2) the attempted application of summary judgment to negligence proceedings is proliferating in fact around the state of Ohio.

The Summary Judgment Rule

As appropriate to the merits of this case, Civ. R. 56 provides:

"(B) For defending party. A party against whom a claim * * * is asserted * * * may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. * * *

"(C) Motion and proceedings thereon. * * * The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories,

written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"* * *

"(E) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

### Applying the Law of Negligence to the Facts

This case does not involve "comparative negligence."

Summary judgment negligence cases require sequential, consecutive analysis.

### An Analogy from the Sports World

Compare a negligence case to a *hurdle race*. Plaintiff runs the race alone at first. Plaintiff's *run* to the *finish line* (verdict), is interrupted by several hurdles, each of which must be crossed in succession before he gets into the *stretch* — the foot race to the finish line. Until he crosses all the hurdles he is in the hands of the judge. Legal questions are involved. When he reaches the stretch the race to the finish line is in the hands of the jury (fact finder).

Defendant has a choice: he may either run hurdles before entering the stretch, or he may enter the race at the stretch after the plaintiff has crossed all his hurdles. Thus if defendant alleges contributory negligence and/or assumption of risk he must conquer similar hurdles before entering the stretch. Otherwise (when he denies plaintiff's claim of negligence), he enters the race at the stretch, after the plaintiff has successfully negotiated the hurdles and also enters the stretch.

It is only in the stretch that the jury applies the reasonable prudent man test.

*Plaintiff's hurdles.* Plaintiff's first hurdle is DUTY. He must identify a duty, or duties, owed him by the defendant. Because this is a law question he crosses the hurdle if he alleges and identifies the duty.

The second hurdle is BREACH of duty. The dimensions of the hurdle are fixed by the nature of the duty. Breach of duty is generally a question of fact. However, the jury has no right to consider the question (*i.e.,* the plaintiff does not cross the hurdle) unless the evidence in the specific case allows the inference that a specific duty was breached. Otherwise, as a matter of law, plaintiff fails to clear the duty hurdle.

To defeat summary judgment the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that defendant did breach his duty, or that there is a gen-

uine dispute over a material fact. Whose responsibility is it to present the evidence? Does the defendant have the burden of negativing breach or the plaintiff the burden of establishing breach? It is precisely at this point that many attorneys are trapped by the false impression that plaintiff can decline to respond to the defendant's motion for summary judgment. The attitude is borne of the historic proposition that the party who moves the court has the burden of satisfying the court of the validity of his claim.[2]

The purpose of Civ. R. 56 is only served by considering the motion for summary judgment as a triggering mechanism, imposing upon *both* parties significant responsibilities to get evidence before the court.

"A party adverse to a motion for summary judgment should not, pursuant to Civ. R. 56(E), rely solely upon his pleadings in opposition to the motion. If he does not respond by counter-affidavit or other supporting materials, the court will, if appropriate, enter summary judgment against him. In only a few cases has a court refused to enter summary judgment against an adverse party who has relied solely on his pleadings. After all, the very purpose of summary judgment is to pierce through the facade of the pleadings." 4 Anderson's Ohio Civil Practice 452, Section 154.08.

The situation in the case at bar is precisely the scenario that led to the 1963 amendment to the federal Act and to the adoption of Civ. R. 56(E), in language identical to Fed. R. Civ. P. 56(e).

"* * * Prior to 1963 some federal courts readily permitted a party opposing a motion for summary judgment to rely on his pleading alone to defeat the motion. But the decisions in effect defeated the very purpose of summary judgment which is to force the parties to go beyond the mere allegations of pleadings to determine whether or not a material fact remains in dispute to be resolved at trial." 4 Anderson's Ohio Civil Practice 460, Section 154.09.

"* * * [I]f the movant for summary judgment supports his motion with materials extraneous to the pleadings, his opponent, pursuant to Civ. R. 56(E) is on dangerously thin ground if he chooses to stand on his pleadings alone." 4 Anderson's Ohio Civil Practice 463, Section 154.10.

Further, if there is more than one duty asserted he must conquer separate hurdles for each duty.

The third hurdle is PROXIMATE CAUSE. The court must be presented with evidence from which an inference may be drawn that defendant's breach of duty is the proximate cause of plaintiff's injury. (For example, "the broken arm was caused by the fall.")

If, after the posturing of the parties, there is no evidence upon which the court may infer that the breach proximately caused the injury, plaintiff has failed to conquer the hurdle and he loses. If there is such evidence presented, whether or not it is disputed, he glides to the last hurdle.

The final hurdle is INJURY. Again

---

[2] Sometimes a plaintiff feels "mousetrapped" where the essence of the motion for summary judgment, filed by defendant, is that the plaintiff is contributorily negligent or assumed the risk, and the only evidence tendered is the deposition of the plaintiff, often containing admissions of such defenses. He files no evidence and the court grants summary judgment to defendant for the alternative reason that on the state of the evidence presented the plaintiff has not shown any breach of duty. He clearly runs this risk unless the defendant, in his motion for summary judgment, affirmatively claims that his motion is grounded in a "confession and avoidance" — *i.e.,* he admits, for the purpose of the motion, the allegations of the complaint, but says he wins anyway because of some meritorious defense, such as immunity, contributory negligence or assumption of risk. Absent such affirmative claim the plaintiff must support his allegations with adequate evidence.

there must be evidence supplied to the court that plaintiff was injured for him to avoid summary judgment and dismissal.

If plaintiff successfully negotiates all the hurdles he enters the last phase of the race — the stretch run, the jury deliberation.

The analogy need not be drawn out vis-a-vis defendant, where the same analysis can be made.

This analysis suggests the possibility, in many of these cases, of the parties each filing a motion for summary judgment, where there is no genuine dispute as to a material fact.

It also points out the futility of relying on the pleadings when either party moves for summary judgment.

Consider the issues in this case sequentially:

### I  Duty Owing Plaintiff by Defendant

The nature and extent of the duty is a law call to be made by the court.

"The determination of any question of duty — that is, whether the defendant stands in such relation to the plaintiff that the law will impose upon him an obligation of reasonable conduct for the benefit of the plaintiff — has been held to be an issue of law for the court and never one for the jury." 57 American Jurisprudence 2d 381, Negligence, Section 34; see, also, 39 Ohio Jurisprudence 2d 786, 789, Negligence, Section 178.

In this case, the plaintiff claims that the facts impose upon the defendant several separate duties:

A.  A duty to the plaintiff-invitee to maintain its premises in a reasonably safe condition and to give warning of latent or concealed perils of which it knows. 39 Ohio Jurisprudence 2d 564, Negligence, Section 52.

B.  A duty to use ordinary care in keeping its premises free from dangers which are not discernible by a prudent person, using ordinary care, under the circumstances. 39 Ohio Jurisprudence 2d 565.

C.  A duty to this plaintiff to inspect the premises to discover possible dangerous conditions of which it does not know and to take reasonable precautions to protect plaintiff from dangers which are foreseeable from the arrangement or use of the premises. *Perry* v. *Eastgreen Realty Co.* (1978), 53 Ohio St. 2d 51 [7 O.O.3d 130] (where jury verdict in favor of party who walked into "invisible" glass door was sustained).

Stated differently:

"This duty [of ordinary care to insure safety of invitees] has been more particularly defined as it applies to differing fact patterns. Where, as here, injury arises from a 'slip and fall' due to a hazardous condition not created by the proprietor or his employees, the rule is clear. In such cases, the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it." *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29 [65 O.O. 2d 129], citing *Anaple* v. *Standard Oil Co.* (1955), 162 Ohio St. 537 [55 O.O. 424] (where plaintiff slipped on a grease spot at a gas station); *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584 [26 O.O. 161] (plaintiff injured when she slipped on greasy substance dropped by another customer); and 2 Restatement of Torts 2d, App., 192.

### II  Breach of Duty by Defendant

The question of breach of duty is generally a question of fact.

"The question whether a defendant is guilty of actionable negligence is ordinarily one of fact for the jury, it being left to them to determine under proper instructions from the court whether or not the defendant acted with reasonable care under the particular circumstances of the case." 57 American Jurisprudence 2d 425, Negligence, Section 75.

However,

"[W]here the facts are undisputed

and are susceptible of only one inference, the question is one of law for the court and the court should withdraw the question from the jury. Whether only one inference may be drawn from the evidence necessarily must rest ultimately with the court." 57 American Jurispurdence 2d 489, Negligence, Section 137.

"So, if different minds can reasonably arrive at no other conclusion than that of the non-existence of the defendant's negligence, or if all the material facts touching the alleged negligence are undisputed and admit of but one rational inference, the question becomes one of law merely, and the court should so charge the jury." 39 Ohio Jurisprudence 2d 824, Negligence, Section 196.

"It does lie within the province of the court, however, to determine whether different minds could reasonably arrive at different conclusions in raising such inference." 39 Ohio Jurisprudence 2d 827, Negligence, Section 196.

Apply these principles to each of the duties:

A. Maintain and warn. There is no evidence that the defendant breached his duty to maintain the premises in a reasonably safe condition, giving warning of latent or concealed perils of which he had knowledge, because there is no evidence that there was any latent or concealed peril. The *only* inference to be drawn from the fact that plaintiff fell on a "big hunk of ice" is that such is not a latent defect.[3] Reasonable minds could come to no other conclusion.

The presence of the cars in the fire lane, known by the plaintiff, hardly presented any concealment of the peril. It may further be noted that there is no evidence that the cars were parked in violation of law.

B. Dangers. Nor is there *any* evidence that defendant failed to keep the premises free from nondiscernible dangers. A "big hunk of ice" *is* discernible to every prudent person using ordinary care.

C. Inspection. Plaintiff raised an issue but presented no evidence on defendant's duty to inspect. How the "big hunk of ice" got there, when it arrived, and how long a car had parked in the fire lane (even the matter of legality of such parking) are left to pure conjecture because of plaintiff's own default in compliance with Civ. R. 56(E). Without any evidence, the court could not have charged the jury on breach of any duty of inspection at the end of the case. Thus, it is not an issue upon summary judgment.

*Rainey* v. *Harshbarger* (1963), 7 Ohio App. 2d 260 [36 O.O. 2d 374], involves facts remarkably similar to those in the instant case. The plaintiff fell on the sidewalk which was covered by snow after leaving the defendant's bowling alley. The Hancock County Court of Appeals reversed a summary judgment in favor of the bowling alley. However, there was evidence that the plaintiff was injured as a result of a hidden or concealed danger — ice covered with snow. A jury question was presented.

The evidence in this case fails to demonstrate, taken most favorably to the plaintiff, that the defendant breached any duty owed to this plaintiff. Compare *Mayle* v. *Fisher Foods* (Oct. 21, 1981), Stark App. No. CA-5624, unreported, holding that summary judgment was properly granted against plaintiff who tripped on a watermelon in the store aisle, this court finding no breach of duty, and *Eclebery* v. *Big Bear Store Co.* (Jan. 28, 1981), Licking App. No. CA-2718,

---

[3] "A hidden or concealed defect. One which could not be discovered by reasonable and customary inspection. * * * Defect of which owner has no knowledge, or which, in exercise of reasonable care, he should have had no knowledge." Black's Law Dictionary, at 794-795 (5 Ed. 1979).

unreported, sustaining summary judgment in a cornhusk slip-and-fall case. However, in *Casey* v. *Hanes* (Jan. 28, 1980), Coshocton App. No. 79-CA-13, unreported, this court reversed and remanded a summary judgment against plaintiff where there was a "genuine issue as to proximate cause"; defendant, without signaling, turned left in front of plaintiff who was passing defendant, also without signaling.

### III Proximate Cause

The injury to the plaintiff must be proximately caused by the defendant's breach of duty, and this is also a question of fact.

As we have already held, the evidence fails to sustain a conclusion that the defendant breached any duty owed to the plaintiff.

### IV Injury to Plaintiff

A plaintiff must have been injured for a defendant to be liable in negligence. The issue of breach of duty causing injury is a question of fact.

In this case there is no doubt that the plaintiff was injured.

The defenses of contributory negligence and assumption of risk may be analyzed on the same basis. However, in this case, there is no need to reach those issues since we conclude that the defendant was not negligent.

Our conclusion in this case is further supported by a recent Supreme Court decision. In *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86 [20 O.O. 3d 71], the trial court granted summary judgment against a plaintiff who was seriously injured when he slipped while diving into defendant's swimming pool from a slide. Defendants buttressed their motion with plaintiff's deposition wherein he admitted he knew he would be hurt if he entered the water incorrectly. The court of appeals *reversed* the summary judgment on the ground that the "complaint alleged that defendant failed to warn of latent hazards with the slide, and that the slide

was unreasonably dangerous and defective * * * [thus] a genuine issue of material fact existed * * *." The Ohio Supreme Court *reversed*, sustaining the summary judgment, Justice William B. Brown dissenting. The court noted that plaintiffs may not rest upon the mere allegations or denials of their pleading, saying,

" 'The principal function of Civil Rule 56(E) is to enable movement beyond allegations in the pleadings, and to analyze the evidence so as to ascertain whether an actual need for a trial exists.' " *Id.* at 91.

We overrule all three assignments of error.

The judgment of the Stark County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HENDERSON, P.J., and McKEE, J., concur.