SORINA, APPELLANT, *v.* ARMSTRONG; TOLEDO MEDICAL SERVICES, APPELLEE.

(No. L-87-389—Decided July 15, 1988.)

*Robert M. Scott,* for appellant.

*H. William Bamman* and *Cary R. Cooper,* for appellee.

*Per Curiam.* This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of appellee, Toledo Medical Services, and against appellant, Tracy L. Sorina.

This appeal is based on the following facts. On June 19, 1984, appellant had an elective abortion performed at Toledo Medical Services by Carl L. Armstrong, M.D. Appellee, Toledo Medical Services, informed appellant that she would need to return for follow-up care. Appellant told appellee that she preferred to see her own physician for any further care and appellee said that although it preferred for her to return to it, she could see her own doctor if she wished. Appellant did follow up with her own physician. Appellee contacted appellant several times following the abortion concerning her condition. Appellant also contacted appellee regarding symptoms she was experiencing. Appellant canceled the one appointment which was made with appellee because she did not have transportation. A second appointment was not made because she began to feel better. As a result of not treating the complications which developed after the abortion, appellant suffered severe and permanent injury, including a complete hysterectomy.

Appellant filed an action for malpractice claiming that appellee negligently performed or failed to perform the follow-up care. Appellee moved for summary judgment which was granted on the basis of the fact that appellant refused to return to appellee for follow-up care. Appellant then filed a timely appeal to this court asserting the following as her sole assignment of error:

"I.   The trial court erred in granting defendant-appellee's motion for summary judgment because a genuine issue of material fact for the jury exists."

Once a motion for summary judgment has been made, Civ. R. 56(E) mandates that the opposing party set forth specific facts to demonstrate that there is a genuine issue for trial. Thus, appellant must put forth some evidence to support the claims made in her complaint. In the negligence case, this burden would require that appellant produce evidence of a duty owed by defendant to plaintiff and also sufficient evidence which, when construed most strongly in plaintiff's favor, would cause reasonable minds to conclude that this duty had been breached and that the breach thereof was the actual and proximate cause of plaintiff's injury. *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d ·19, 22-23, 3 OBR 20, 24, 443 N.E. 2d 532, 535.

We are also guided in our review of the appropriateness of rendering summary judgment, by the following three-part analysis required by Civ. R. 56(C) as expounded by the Ohio Supreme Court:

"(1)   that there is no genuine issue as to any material fact; (2)   that the moving party is entitled to judgment as a matter of law; and (3)   that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

In addition, it must be remembered that summary judgment should

dispose of cases only when there is no reason for a trial. *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 24 O.O. 3d 1, 433 N.E. 2d 615. For this reason, summary judgment should not be granted unless " 'the facts are undisputed and are susceptible of only one inference.' " *Keister* v. *Park Centre Lanes, supra,* at 24-25, 3 OBR at 26, 443 N.E. 2d at 537.

Having once armed ourselves with these maxims, we can now address the merits of the case at bar.

It is appellant's contention that appellee breached its duty of care owed to appellant by failing to adequately warn her of the dangers of forgoing adequate follow-up care. In support of this contention, appellant produced the expert testimony of a physician who stated that appellee's conduct fell below the acceptable standard of care because appellee failed to urge appellant to return for an examination after the abortion and, especially, once she began to complain of symptoms that indicated she had retained some of the products of pregnancy. The expert indicated that appellant was a high-risk patient and should have been further informed of the possible complications, especially when she began to exhibit the related symptoms, so that she would understand that a further checkup was imperative. The expert believed that appellee had sufficient information from the beginning to realize that appellant's "potential" condition posed not only a high risk of physical injury but also death. In addition, the expert testified that if appellee had done so orally, it is the type of conversation which a physician would reasonably be expected to include in the records. Appellant's testimony revealed that appellee stated that it preferred appellant to return for her follow-up, but that it was permissible for appellant to see her own doctor.

Appellee argues that the deposition of appellant's expert witness was not timely filed and, therefore, should not have been considered by the trial court. If appellee objected to the deposition it should have done so before the trial court ruled on the motion for summary judgment. Otherwise, the trial court can, in its sole discretion, consider documents other than those specified in Civ. R. 56(C). *Brown* v. *Ohio Cas. Ins. Co.* (1978), 63 Ohio App. 2d 87, 90-91, 17 O.O. 3d 267, 269, 409 N.E. 2d 253, 256. Since the trial court's opinion stated that it considered the depositions submitted, we must presume that it considered this expert's deposition as well, even though it was filed approximately two months after appellant's motion in opposition.

However, our analysis does not stop here. Appellant should have presented some evidence to support her contention that appellee's alleged breach of duty was the actual and proximate cause of appellant's injury. Appellant's expert witness testified that the actual cause of injury was the failure of early detection of the retained products. However, with respect to proximate cause, appellant must be able to prove that the intervening causes, *i.e.,* her physician's failure to discover the cause of her symptoms and appellant's unwillingness to seek diagnostic treatment, were reasonably foreseeable to appellee. It is not necessary to address the foreseeability of appellant's physician's failing to diagnose the condition, because we find that it was not reasonably foreseeable that appellant would refuse to follow her own physician's advice. Appellant's physician testified that he told appellant that he could not determine the cause of her symptoms and that she should return to appellee who would be in a better position to diagnose the problem since

its doctor performed the abortion. At that point, appellant had sufficient information to know that further follow-up by appellee was necessary. Reasonable minds could come to but one conclusion, that is, that appellant's own disregard for her health proximately caused her injury.

We must conclude, therefore, that although appellant has presented some evidence to support an inference that appellee breached its standard of care, she has not presented sufficient evidence to raise a question of fact as to the proximate cause of her injury. Thus, the court properly granted summary judgment in appellee's favor.

Wherefore, we find appellant's sole assignment of error is not well-taken. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.