ACCELERATED CASE JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the lower court, the briefs and the oral arguments of counsel.
In this personal injury action resulting from a slip and fall in a parking lot, plaintiffs-appellants Margo and Gary Nutoves (hereinafter referred to in the singular) appeal from the trial court order that granted the motion for summary judgment filed by defendant-appellee McDonald's Restaurant.
Appellant argues issues of fact remain concerning whether the substance that caused her fall was "open and obvious" as a matter of law. This court disagrees and, therefore, affirms the trial court's order.
Appellant's fall occurred on September 1, 1998, a "warm and sunny day."[1] Appellant had driven her "van" to appellee, which was located on Clark Avenue in the City of Cleveland, near her home. As was her usual custom, she proceeded to the first "drive through" window to place her food order.
Appellant was accompanied in her vehicle by her next-door neighbor. When appellant told appellee's cashier she wanted to place two separate orders, the cashier stated the customers would have to enter the building and place their separate orders at the counter.
Appellant thereupon turned her vehicle into a nearby parking space. A vehicle already occupied a space next to the passenger's side of appellant's van; however, the parking space next to appellant's side of her vehicle was empty. Appellant parked, she and her passenger exited their vehicle, and then the two of them proceeded "straight across" the driving area to the door of the restaurant. As it was 11:30 a.m., neither the parking lot nor the restaurant as yet was active with other customers.
Upon receiving their orders, appellant and her passenger left the building and walked across the driving area to the van. Appellant carried only her purse and a cardboard "holder" containing two soft drink cups. When she reached her vehicle, appellant realized it was necessary to discard "two empty cans of Pepsi" in order to place the drinks into the van's cup retainers. Appellant only had partially entered her vehicle. She handed the cardboard "holder" to her companion, grasped the cans, removed her right leg from her van to exit it wholly, and turned toward the restaurant intending to approach the trash container standing next to the building. Appellant took one complete step before she "slid in car oil" that had been deposited in the parking space next to her vehicle. Although appellant attempted to regain her balance, she fell and sustained injury to her back.
Appellant looked at the surface of the driveway after she had fallen. She noticed the "oil slick" in the parking space was "dark black"; thus, it was "darker" than the asphalt. It also was larger in circumference than a "legal sized manila file folder" and covered the asphalt thinly. The oil appeared to have had partially "soaked into the ground" at its "edges" since those were "dry and moist." Appellant stated she was familiar with automotive oil. In her opinion, the oil "had to [have been] there a while," but she also admitted, "It doesn't take long for [oil spills] to soak into the ground."
Appellant and her husband subsequently instituted this action against appellee, alleging her injuries had been caused by appellee's negligence.[2] Following some discovery in the action, appellee filed a motion for summary judgment supported by a copy of appellant's deposition testimony. Although appellant filed a brief in opposition to the motion, attaching thereto appellee's responses to her interrogatories, the trial court granted appellee's motion.
Appellant filed a timely appeal from the trial court's order. In her single assignment of error, appellant argues summary judgment was improper. Appellant contends that since the evidence demonstrates appellee's maintenance employee failed to discover the oil spill during his morning inspection of the premises, an issue of material fact remains as to whether the hazard was "open and obvious."
Summary judgment is appropriate when the moving party indicates evidence in the record that demonstrates the appellant cannot meet the elements of a successful negligence claim and the appellant fails to provide evidence to support her claim. Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19; see, also, Dresher v. Burt (1996), 75 Ohio St.3d 380 [75 Ohio St.3d 280]. Appellant was required to show the existence of a duty, a breach thereof, and that the breach was the proximate cause of her injury. Strother v. Hutchinson (1981), 67 Ohio St.2d 282; Texler v. D.O. Summer Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677.
An owner and occupier of premises owes its business invitees the duty to use due care in providing a reasonably safe means of ingress and egress. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38; cf., Tyrell v. Investment Assoc., Inc. (1984),16 Ohio App.3d 47. However, the owner's duty does not extend to protecting invitees from open and obvious dangers. Pascal v. Rite Aid Pharmacy, Inc., (1985), 18 Ohio St.3d 203; Sidle v. Humphrey (1968),13 Ohio St.2d 45, syllabus 1.
Thus, a pedestrian invitee is, herself, under a duty to use care for her own safety that is "reasonably proportioned to the danger likely to be encountered" in the area over which she traverses. Grossnickle v Germantown (1965), 3 Ohio St.2d 96 at syllabus 2. If the hazard is "clearly discernable from a reasonable distance," the pedestrian's failure to observe it absolves the premises owner from liability. Griffin v. Cincinnati (1954),162 Ohio St. 232.
Appellant in this case was crossing a parking space when she fell. "It is a matter of common knowledge that motor vehicles leak or drop oil or grease, both in travel or while parked." Parris v. Standard Oil Co. (1953), 1260 Ohio St. 315, 318. (Emphasis added.) Thus, oil spills in parking lots are not unusual. Condorodis v. Allright Cincinnati, Inc. (Aug. 23, 1995), Hamilton App. No. C-940882, unreported; cf., Collins v. Emro Marketing Co. (May 11, 1999), Franklin App. No. 98AP-1014, unreported.
Although no vehicle was parked in the space at the time of appellant's arrival, that fact, together with the fact that neither the restaurant nor the parking lot was crowded, means only that nothing restricted appellant's view of the oil spill. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49; cf., Grossnickle v. Germantown, supra.
Moreover, appellant testified the oil spill was reasonably discernable since it was of a distinctly different hue than the asphalt and was of a noticeable size. Preble v. Superamerica, Inc. (Oct. 20, 1995), Sandusky App. No. S-94-033, unreported; Condorodis v. Allright Cincinnati, Inc., supra.
Although appellant believed it must have been present for "a while," she admitted that she immediately cleaned oil spills on her own property because spilled oil penetrates rapidly. Furthermore, appellee's answers to appellant's interrogatories demonstrated it took reasonable care to protect its customers by daily inspecting the outdoor premises. Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537.
Oil spills are common in the parking spaces of a business establishment; thus, appellant failed to prove the existence of a duty on appellee's part to protect her from such an open and obvious hazard. Vantell v. C K Petroleum Products, Inc. (Dec. 16, 1998), Columbiana App. No. 97 CO 29, unreported; Preble v. Superamerica, Inc., supra; see, also, Fatica v. Bates Bros. Amusement Co. (Dec. 5, 1991), Cuyahoga App. No. 62012, unreported.
On the facts of this case, therefore, summary judgment for appellee was appropriate. Accordingly, appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. and JOHN T. PATTON, J. CONCUR
 ____________________________ KENNETH A. ROCCO, JUDGE
[1] Quotes are taken from evidentiary materials filed in the trial court.
[2] Appellant's husband's claim was for loss of his wife's consortium.