I respectfully dissent from the majority opinion since I believe appellee met its burden in this case to demonstrate the absence of a genuine issue of material fact on two essential elements of appellant's claim.
It is axiomatic that in order to establish her claim of negligence, appellant was required to produce evidence of both breach of duty on the part of appellee and proximate causation. Strother v. Hutchinson (1981),67 Ohio St.2d 282. Appellant could not rely on mere "speculation or conjecture" to establish these two elements; rather, she was required to point to [some] wrong or negligent act committed by defendant that would support appellee's liability for her alleged injury. Allen v. C.G.S. Investments, Inc. (June 22, 1992), Cuyahoga App. No. 62947, unreported. A review of the evidence in this case, however, reveals appellant relied solely on speculation to support her claim.
Appellee produced evidence that it had taken reasonable safety measures with respect to both mannequin displays and inspections for potential dangers. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51,52-53.
Appellant, on the other hand, produced no evidence appellee had any knowledge, actual or constructive, of the real existence of any dangerous condition. Appellee's employee merely stated the potential for a mannequin's fall existed if the turnkey were not properly locked. Appellant, however, did not know what caused the mannequin to fall. Moreover, neither appellant nor her companions could recall if either an employee or another customer were anywhere near the mannequin, and appellant produced no one who either had witnessed the incident or had any knowledge of how it had occurred.
Appellant, therefore, could not establish a cause of action in negligence against appellee. Keister v. Park Center Lanes (1981),3 Ohio App.3d 19 . Under these circumstances, there is nothing to try ; therefore, summary judgment for appellee was appropriate. Norris v. Standard Oil Co. (1982), 70 Ohio St.2d 1 at 2.