This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, James Birkhimer, in his individual capacity, and Debbie Woods, in her individual capacity and on behalf of her minor son, Robert Birkhimer, appeal from the decision of the Lorain County Court of Common Pleas, granting summary judgment to appellee, Sports-N-Stuff, Inc. We affirm.
On June 17, 1997, Robert Birkhimer, along with his mother and friends, went to celebrate Robert's tenth birthday at premises operated by Sports-N-Stuff. At some point during the visit, Robert decided to race the go-karts located in the facility. After a short wait, Robert got into a one-manned go-kart, put a belt around his shoulders, and proceeded to race around a concrete track. In his deposition, Robert stated that the belt, which was checked by an operator before he was allowed to proceed to the race, was "fairly tight" and was not up against his face. He said that, while getting ready for the ride, he never felt anything sharp on any of the belts or buckles. Robert further stated that he felt comfortable and secure riding the go-kart. Specifically, he said that he never felt like he was out of control and that he did not experience any accidents or spinouts.
At the end of the race, Robert stated that an attendant told him to stay put while the attendant got his mother's attention. When his mother came over, he said that he then realized that his face had been cut. He admitted that he could not recall hitting or slicing his face and had no idea at what point during the ride the injury would have occurred. He did not see blood and never felt any blood on his face. While he stated that the injury must have been caused by the seatbelt because it was the only thing close to his face, when questioned, he admitted that he did not know if it would have been the buckle or the strap that caused the injury because he did not feel anything. After a ride attendant and his mother took Robert to the restroom facility to wash off the blood from his face, he was taken to the emergency room for treatment.
On May 8, 2000, Debbie Woods, James Birkhimer, and Robert Birkhimer, by and through his mother Debbie Woods (hereinafter collectively referred to as "appellants"), filed a complaint in the Lorain County Court of Common Pleas against defendants Sports-N-Stuff, Inc., and Beam's Industries. On May 26, 2000, Sports-N-Stuff ("appellee") filed an answer to the complaint denying negligence. Beam's Industries also denied any liability in its response filed June 15, 2000.
On October 5, 2000, appellee filed a motion for summary judgment. A motion for summary judgment was also filed on behalf of Beam's Industries on October 20, 2000. On November 20, 2000, appellants filed a brief in opposition to appellee's motion for summary judgment. Additionally, on that day, appellants voluntarily dismissed their claims against Beam's Industries. On April 19, 2001, the trial court granted appellee's motion for summary judgment, holding that there existed a lack of competent evidence to demonstrate how the injury occurred.
Appellants filed a notice of appeal to this court on May 15, 2001. This appeal followed.
Appellants assert one assignment of error:
 CONSTRUING THE EVIDENCE IN FAVOR OF THE PLAINTIFFS/APPELLANTS, THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT, THEREIN FINDING THAT THERE EXISTED NO ISSUES OF MATERIAL FACT IN DISPUTE AND THAT THE DEFENDANT/APPELLEE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Appellants assert that the trial court erred when it granted appellee's motion for summary judgment because, upon reviewing the evidence submitted by the parties, there exists a genuine issue of fact as to whether appellee breached the duty owed to appellants. Accordingly, appellants assert a genuine issue of material fact remained for trial. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
A party must establish three elements in order to sustain an action in negligence: (1) duty, (2) breach of the duty, and (3) an injury proximately caused by the breach. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. Therefore, in order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to him or her by the defendant. See Feichtner v.Cleveland (1994), 95 Ohio App.3d 388, 394; Keister v. Park Centre Lanes
(1981), 3 Ohio App.3d 19, 22-23. Further, the evidence must be sufficient, when considered most favorably to the plaintiff, to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury, and that the plaintiff was injured. Feichtner, supra; Keister, supra.
Significantly, in order to recover in a negligence action, the defendant's negligence must be both the direct and proximate cause of the injury. Hicks v. Home Centers, Inc. (Feb. 19, 1992), Summit App. No. 15144, unreported, at 7, citing 70 Ohio Jurisprudence 3d (1986), Negligence, Section 36. In Gedra v. Dallmer Co. (1950), 153 Ohio St. 258, paragraphs one through three of the syllabus; the Ohio Supreme Court held:
 1. In a negligence action, it is essential for recovery that plaintiff prove by a preponderance of evidence not only that defendant was negligent but also that defendant's negligence was a direct or proximate cause of plaintiff's injury.
 2. In a negligence action, it is not sufficient for plaintiff to prove that the negligence of defendant might have caused an injury to plaintiff but, if the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible.
 3. In such an action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant.
The Ohio Supreme Court later clarified Gedra and held that a plaintiff need not disprove all other possible causes to prevail when the plaintiff establishes facts from which an inference of negligence can be drawn.Westinghouse Elec. Corp. v. Dolly Madison Corp. (1975), 42 Ohio St.2d 122,126-28 (holding that, when an inference of negligence can be drawn from the facts, forcing a plaintiff to disprove all other causes would impose a burden of proof analogous to the burden in cases of proof beyond a reasonable doubt).
In the case at bar, regarding causation, appellee met its Dresher
burden by demonstrating, through the use of Robert Birkhimer's deposition, that appellants had failed to identify what caused the injury. It then became incumbent upon the appellants to show that appellee's negligence was both the direct and proximate cause of the injury. In an effort to meet this burden, appellants introduced additional deposition testimony of Robert Birkhimer as well as an affidavit of both Robert and his mother, Debbie Woods. In the deposition, Robert stated that he assumed his injury was caused by the seatbelt because that was the only thing that was ever close to his face. However, throughout the deposition, Robert reiterated that he did not know what caused the injury or when the injury occurred.
In her affidavit, Debbie Woods stated that, upon seeing Robert's cut, a ride attendant told her that such types of injury occurred often, but to a person's neck and not to the face. Without making a determination on the admissibility of the statement, we find that, contrary to appellants' claim, even if such statement had been admitted, it would not be sufficient to create a genuine issue of material fact as to causation. An injury which has several times occurred to the necks of people is factually quite distinct from a one-time injury to the face of a person. Further, Robert stated that he did not feel anything sharp on any of the belts or buckles when he first secured himself in the vehicle. He also stated that the belt was snug and not against his face, and, at no time, did he ever feel that he had lost control of the vehicle. Such statements, coupled with the fact that the attendant specifically stated that others had not been hurt on their faces, do not provide evidence that either the belt or buckles of the go-kart were the cause of Robert's injury.
Construing the evidence most strongly in favor of the appellants, we conclude that a reasonable jury could not find that the belt or buckles of the go-kart caused Robert's injury. There is no genuine issue of material fact regarding causation, and appellee was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment to appellee. Accordingly, appellants' assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
BAIRD, J., SLABY, J. CONCUR.