OPINION
{¶ 1} Plaintiff-appellant, James L. Stewart, appeals from a judgment of the Ohio Court of Claims entering judgment in favor of defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"), in appellant's negligence claim. For the reasons that follow, we affirm that judgment.
 {¶ 2} Appellant is currently incarcerated in the Madison Correctional Institution ("MCI"). By his amended complaint filed August 22, 2001, appellant alleged that he suffered mental and emotional injuries due to the negligence of ODRC's employees who transferred him from MCI to Grafton Correctional Institution. In essence, appellant alleged that ODRC did not adequately dress him during his transfer in the early morning hours of a cold December morning, exposing him to the cold temperatures that morning. After appellant's two motions for summary judgment were both denied by the lower court, the case proceeded to trial before a magistrate only on the issue of liability. At the end of that trial, the magistrate recommended that judgment be awarded in favor of ODRC. The magistrate determined that ODRC did not breach the duty of reasonable care it owed to appellant and, therefore, was not negligent in its transfer of appellant. The Court of Claims adopted the magistrate's decision and entered judgment in favor of ODRC.
 {¶ 3} Appellant appeals, assigning the following errors:
 {¶ 4} "1. The Court of Claims abused its discretion to the prejudice of appellant when the court negated [sic] to rule on appellant's motion for leave to supplement newly provided evidence relevant to his motion for summary judgment.
 {¶ 5} "2. The Court of Claims errored [sic] as a matter of law in denying appellant's summary judgment when appellant met his initial burden in a cause of action in negligence showing absence of evidence to support the nonmoving party's case pursuant to Civ.R. 56(C).
 {¶ 6} "3. The Court of Claims errored [sic] as a matter of law in denying appellant summary judgment when the appellee failed to make a showing sufficient to establish the existance [sic] of an element essential to appellee's case and on which appellee will bear the burden of proof at trial pursuant [sic] Civ.R. 56(C)."
 {¶ 7} Appellant's first assignment of error contends that the lower court erred in not considering additional evidence he submitted in support of his second motion for summary judgment. Appellant's second motion for summary judgment was filed November 26, 2001. By notice filed December 5, 2001, the lower court allowed the parties to file affidavits, memoranda, and other allowable evidence in support of their positions on or before December 20, 2001. On December 20th, instead of simply submitting such additional evidence, appellant filed a motion to supplement his motion for summary judgment with additional evidence. Appellant now claims that this evidence was not considered because the lower court never ruled on his motion. However, there is nothing in the record to show that the lower court failed to consider appellant's supplemental evidence. The court's decision denying appellant's second motion for summary judgment indicated that it considered all the evidentiary material submitted. That would have included appellant's December 20th submission of evidence. There was no need for the lower court to rule on appellant's motion as all the court had to do was consider the evidence when deciding appellant's motion for summary judgment. Having found no indication that the lower court did not consider this evidence, appellant's first assignment of error is overruled.
 {¶ 8} Appellant's second and third assignments of error contend that the lower court erred by denying his second motion for summary judgment. However, any error in denying a motion for summary judgment "is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins. Co. v. Whittington (1994), 71 Ohio St.3d 150,156; GMS Management Co., Inc. v. Datillo (June 15, 2000), Cuyahoga App. No. 75838. The denial of a motion for summary judgment is not rendered harmless, even after a trial, where it raises pure questions of law. Whittington, supra.
 {¶ 9} Appellant's second motion for summary judgment raised numerous questions of material fact, including whether ODRC breached its duty of care owed to appellant and whether that breach proximately caused appellant's injuries. See Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96, 98 (breach of duty normally question of fact); Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 24-26 (proximate cause is a question of fact); Crawford v. Wolfe, Scioto App. No. 01CA2811, 2002-Ohio-6163, ¶ 32 (noting that breach of duty and proximate cause are questions of fact). After appellant's motion for summary judgment was denied, his case proceeded to a bench trial where the court found in favor of ODRC. Accordingly, even if the lower court did err in denying appellant's motion, the denial is rendered harmless by the judge's final determination on the merits finding in favor of ODRC. Whittington, supra; Standen v. Smith, Lorain App. No. 01CA007886, 2002-Ohio-760. Appellant's second and third assignments of error are overruled.
 {¶ 10} Having overruled appellant's three assignments of error, the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.