DECISION.
{¶ 1} Plaintiff-appellant Christine Bilodeau filed a negligence action against defendants-appellees for injuries she suffered when she accompanied her sister, Bridget Warren, to a home for which Warren had previously signed a purchase agreement. Billie Jo Wright, a licensed real estate agent, represented Warren in the purchase. Jane Osborn, a licensed real estate agent with Sibcy Cline, Inc., was the listing agent for the owner of the home, Viola Jordan.[1] Osborn, Sibcy Cline, Inc., and Wright had no ownership interest in the Jordan property.
 {¶ 2} Wright had shown the Jordan property to Warren on two occasions before Warren signed a contract to purchase the property in June 1999. Both Wright and Warren had noted that the garage door "slipped." Three weeks after signing the purchase contract, Warren invited Bilodeau to accompany her to the home.
 {¶ 3} On July 17, 1999, Billie Jo Wright and her husband, Rick Wright, were present with Warren, Bilodeau, and Bilodeau's husband when Bilodeau was injured as she walked beneath a raised garage door that slipped and struck her on the head. Rick Wright caught the door as it touched Bilodeau's head. Osborn and Jordan were not present on the date of Bilodeau's injury at Jordan's home.
 {¶ 4} The trial court granted summary judgment in favor of defendants. The court held that Bilodeau was a licensee upon Jordan's property, and that she had failed to demonstrate that her injuries were caused by wanton or willful misconduct on the part of the defendants. Bilodeau now appeals.
 {¶ 5} In three assignments of error, Bilodeau argues that the trial court erred (1) by granting summary judgment in favor of the defendants, (2) by holding that she was not an invitee, and (3) by holding that the defendants only owed her a duty to refrain from willful or wanton misconduct.
 {¶ 6} We review the grant of summary judgment de novo.[2]
Therefore, Jordan, Osborn, Wright, and Sibcy Cline, Inc., may prevail under Civ.R. 56(C) only if (1) there is no genuine issue of material fact, (2) they are entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of Bilodeau, and that conclusion is adverse to Bilodeau.[3]
 {¶ 7} To prevail on a negligence claim, the plaintiff must demonstrate that the defendant had a duty to protect the plaintiff from injury, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury.[4] If, in response to a properly supported motion for summary judgment, the plaintiff fails to meet its evidentiary burden of setting forth facts from which reasonable minds could find for the plaintiff on all three elements, then the defendant is entitled to summary judgment as a matter of law.[5]
 {¶ 8} In Ohio, the scope of the legal duty owed by a property owner to a person who enters upon his property is defined by the status of the entrant.[6] "Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability."[7]
 {¶ 9} In this case, the trial court held that Bilodeau was a licensee. In her second assignment of error, Bilodeau argues that the trial court erred by not, instead, finding her to be an invitee on Jordan's property.
 {¶ 10} The economic-or tangible-benefit test has long been recognized by the Supreme Court of Ohio to distinguish the status of an invitee from that of a licensee.[8] A business invitee is a person who enters "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."[9] The landowner owes a duty to an invitee "to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition."[10] On the other hand, a licensee is "a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation."[11] "A licensee takes his license subject to its attendant perils and risks."[12] Generally, a licensor has a duty to refrain from willfully or wantonly causing injury or from exposing the licensee to a hidden peril.[13]
 {¶ 11} To establish his or her status as an invitee, the plaintiff must demonstrate that the property owner received a tangible or economic benefit from the plaintiff's visit.[14] In Hefner v. RelocationRealty,[15] after the plaintiff buyer had entered into a contract to purchase a home, the plaintiff obtained permission from the seller's real estate agent to enter the home for cleaning purposes. During her visit to the property, a deck collapsed and injured the plaintiff. The court held that the plaintiff was a licensee because she had received permission to enter the home for her own purposes. Moreover, the court rejected the proposition that listing agents have duties similar to those of property owners toward prospective purchasers. "The only duty imposed on such agents is to avoid concealing the danger where the vendor has misrepresented or fraudulently concealed the condition of the home."[16]
 {¶ 12} In this case, there is nothing in the record to demonstrate any economic benefit to the property owner from Bilodeau's presence there.[17] Bilodeau's sister, Warren, had already signed a contract to purchase the property. Bilodeau was present on Jordan's property by invitation of her sister, and not by invitation of any of the defendants. Because the evidence failed to demonstrate that Bilodeau was on the property by invitation of the owner or for the owner's benefit, the trial court correctly held that Bilodeau was a licensee. We overrule Bilodeau's second assignment of error.
 {¶ 13} In her third assignment of error, Bilodeau argues that the trial court erred by holding that the only duty owed by a property owner to a licensee is to refrain from injuring her by wanton and willful conduct. In this case, the trial court properly stated that defendants owed Bilodeau a duty to refrain from wantonly or willfully injuring her.[18] Furthermore, as Bilodeau correctly points out, a licensee whose presence is known is owed the duty to be warned of any danger.[19]
 {¶ 14} In Salemi v. Duffy Constr. Corp., the Supreme Court of Ohio held that where a subcontractor entered a worksite on a Sunday evening for his own benefit, and where his contract did not require his presence on the site at that time, and where neither the owner nor general contractor knew of his presence at that time, the subcontractor was a licensee. In this case, the record contains no evidence that either Jordan or Osborn was aware of Bilodeau's presence on the property.[20]
So even if the trial court failed to recognize a licensor's duty to warn of a hidden peril, the lack of knowledge of the licensor that the licensee was present negated any duty that may have applied. Therefore, we overrule the third assignment of error.
 {¶ 15} In her first assignment of error, Bilodeau argues that the trial court erred in granting summary judgment in favor of the defendants because genuine issues of material fact remained for trial. Because Bilodeau failed to present evidence that her injuries were caused by wanton or willful conduct by the defendants, or that the property owner knew of her presence on the property, we hold that the trial court properly found that reasonable minds could come to but one conclusion, and that that conclusion was adverse to Bilodeau. The first assignment of error is overruled.
 {¶ 16} Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
Sundermann, P.J., and Gorman, J., concur.
[1] The complaint mistakenly listed Viola Jordan's last name as "Johnson."
[2] See Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241.
[3] Id.
[4] See Williams v. 312 Walnut Ltd. Partnership (Dec. 31, 1996), 1st Dist. No. C-960368, citing Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 22-24, 443 N.E.2d 532.
[5] Id.
[6] Bennett v. Stanley, 92 Ohio St.3d 35, 44, 2001-Ohio-128,748 N.E.2d 41; Gladon v. Greater Cleveland Regional Transit Auth.,75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287.
[7] Gladon, supra at 315, 1996-Ohio-137, 662 N.E.2d 287.
[8] Provencher v. Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265,266, 551 N.E.2d 1257; see, also, Clare v. Dick (Sept. 13, 1995), 1st Dist. No. C-940815; McClorey v. Hamilton County Bd. of Elections (Dec. 7, 1994), 1st Dist. No. C-930946.
[9] Provencher, supra at 266, 551 N.E.2d 1257; Light v. OhioUniversity (1986), 28 Ohio St.3d 66, 502 N.E.2d 611.
[10] Bennett, supra at 38, 2001-Ohio-128, 748 N.E.2d 41, citingLight, supra at 68, 502 N.E.2d 611.
[11] Provencher, supra at 266, 551 N.E.2d 1257.
[12] Id.
[13] See Herron v. Interstate Brands Corp. (Jan. 5, 1995), 1st Dist. No. C-930782, citing Light, supra, 502 N.E.2d 611; Hannan v.Ehrlich (1921), 102 Ohio St. 176, 131 N.E. 504, paragraph four of the syllabus.
[14] See Heffern v. University of Cincinnati Hospital (2001),142 Ohio App.3d 44, 753 N.E.2d 951; McAllister v. Trumbull PropertiesCo. Ltd. Partnership (Feb 11, 1994), 11th Dist. No. 93-T-4891.
[15] (Mar. 5, 1991), 10th Dist. No. 89AP-1380.
[16] Id., citing Miles v. McSwegin (1979), 58 Ohio St.2d 97,388 N.E.2d 1367.
[17] See Williams, supra; Stoltz v. Delco Homes (Aug. 7, 1992), 5th Dist. No. 92CA-E-04017.
[18] See Scheurer v. Trustees of The Open Bible Church (1963),175 Ohio St. 163, 192 N.E.2d 38; Wiley v. National Garages, Inc.
(1984), 22 Ohio App.3d 57, 488 N.E.2d 915.
[19] Salemi v. Duffy Const. Corp. (1965), 3 Ohio St.2d 169,209 N.E.2d 566.
[20] Id., at paragraph one of the syllabus.