**PREST, Admr., Appellant,**

v.

**DELTA DELTA DELTA SORORITY et al.; Delta Delta
Delta National Sorority et al., Appellees.**

[Cite as *Prest v. Delta Delta Delta Sorority* (1996), 115 Ohio App.3d 712.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE04-523.

Decided Nov. 21, 1996.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Maurice L. Heller, John P. Schloss* and *Thomas Mester*, for appellant.

*Draper, Hollenbaugh & Briscoe Co., L.P.A.*, and *Margaret R. Carmany; Thompson, Hine & Flory* and *Christopher M. Bechhold*, for appellees Delta Delta Delta National Sorority, Nu House Corporation of Delta, and Allison Schwartz.

CLOSE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, Delta Delta Delta Sorority et al. Plaintiff-appellant, Joseph G. Prest, administrator of the estate of Joseph L. Prest, deceased, brings this appeal only as against defendants-appellees, Delta Delta Delta National Sorority ("Tri Delta"), Nu House Corp. of Delta Delta Delta ("Nu House Corp."), and Allison Schwartz.

On the evening of April 24, 1993, appellant's decedent, Joseph L. Prest, a twenty-year-old student, attended a "Derby Days" party at the Sigma Chi Fraternity House at the Ohio State University. Prest began drinking alcoholic beverages earlier that day and continued to drink alcoholic beverages at the party. Sometime around 1:00 a.m., Prest ceased drinking and left the party with Schwartz, a member of the Tri Delta sorority, both of whom were extremely intoxicated.

Prest and Schwartz went to the Tri Delta House with the intention of getting something to eat. At some point after they arrived, the two decided to go up to the roof of the Tri Delta House by sneaking up the back staircase to the second floor sundeck and then climbing a steep, pitched asphalt roof to the flat portion of the roof. The two fell asleep on the roof, with Schwartz waking at some time before 4:00 a.m., and going into the house to sleep on a couch. At approximately 4:00 a.m., according to the police report, Prest apparently rolled off the roof and subsequently died as a result of the fall.

Appellant brought a wrongful death action against Tri Delta, Nu House Corporation, Schwartz, Sigma Chi Foundation, Alpha Gamma of Sigma Chi, and Sigma Chi National Fraternity. The trial court granted summary judgment in favor of all defendants, finding that (1) national fraternities and sororities do not have a duty to control the day-to-day operations of the local chapter, including maintenance of a sorority house; and (2) the roof constituted an "open and obvious" danger and, therefore, no duty was owed by the owner or occupier to warn an invitee of the dangers of being on the roof. Further, the trial court found that the only reason Prest could not appreciate the risk was due to his own voluntary intoxication.

Appellant brings this appeal, assigning the following assignments of error:

"A. The trial court erred in granting summary judgment when a genuine issue of material fact remained as to whether an 'open and obvious' dangerous condition existed.

"B. The trial court erred in its determination that a national sorority cannot be held liable for the acts of a local chapter.

"C. The trial court erred in determining, as a matter of law, that the only reason plaintiff's decedent could not appreciate the potential risk of danger of a third-story roof was his own voluntary intoxication."

Under Civ.R. 56(C), a motion for summary judgment is appropriate when the following have been established: (1) there is no genuine issue of any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the

nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884. When reviewing the grant of a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411.

In his first assignment of error, appellant argues that there is a genuine issue of material fact as to whether an open and obvious danger existed at the Tri Delta House. The testimony at trial showed that the roof of the Tri Delta House had been used by students throughout the history of the house, with the sorority warning the students, yet never taking measures by which to prevent them, from using the roof. Appellant argues that there is a question of material fact as to whether the roof was an open and obvious danger because of the fact that students were known to use the roof, giving students some sort of false security in the fact that others were using the roof.

Our question, however, goes to the issue of whether the edge of a roof, which is nearly forty feet above the ground, constitutes an "open and obvious" danger. An owner or occupier of land owes no duty to warn invitees entering the property of an open and obvious danger on its property. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506. The rationale is that an open and obvious danger itself serves as a warning and that "the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.*

This court has previously granted summary judgment on the issue of open and obvious danger. In a similar case, *Anderson v. Ruoff* (1995), 100 Ohio App.3d 601, 654 N.E.2d 449, this court affirmed a trial court's grant of summary judgment, finding that the duty of ordinary care does not impose a responsibility to protect against dangers which are so obvious and apparent that the invitee may reasonably be expected to discover them and protect against them. *Id.* at 605, 654 N.E.2d at 451. In *Anderson,* plaintiff's decedent went to the farm of another man to purchase some alfalfa. While there, plaintiff's decedent followed the farmer up into the hayloft of the farmer's barn and subsequently fell from the loft, resulting in decedent's death. This court ruled that the edge of a hayloft is an open and obvious danger that a reasonable person would discern. Similarly, we are constrained to find that the edge of a roof presents no less of an "open and obvious" danger to any reasonable person than does the edge of a hayloft. Finding no genuine issue of material fact, we hereby overrule appellant's first assignment of error.

Next, and in conjunction with the first assignment of error, we review appellant's third assignment of error. By this assignment of error, appellant contends that Prest's lack of appreciation of the danger of being on the roof is a jury question, thereby requiring a reversal of the decision granting summary

judgment. Appellant cites *Jordan v. Elex, Inc.* (1992), 82 Ohio App.3d 222, 611 N.E.2d 852, for the proposition that some dangers are not as "open and obvious" as one might believe and that the nature of the danger then becomes a question of fact for the jury to resolve. In *Jordan*, the plaintiff was injured when she entered a crosswalk which was under construction and one of the steel plates, bounced by a passing bus, fell on her foot. In short, we believe that appellant's reliance on this case is misplaced. *Jordan* is distinguishable from the instant case in that the situation there involved an element not within the appreciation of a reasonable person, that is, the bouncing of a steel plate, a danger which the plaintiff could not fully comprehend or appreciate the risk of occurring.

 However, in the instant case, we are faced with a very ordinary appreciation, which is, a fall from a forty-foot roof will most likely result in injury or death. This is a fact which nearly every person can appreciate. What remains in the present case, however, is the fact that Prest was intoxicated. The question becomes whether this state of inebriation impaired Prest's ability to fully appreciate the danger of being on a roof and, further, due to the fact that the intoxication was voluntary, whether Prest's intoxication has any bearing on the standard, *i.e.*, does Prest's voluntary intoxication relieve him from the reasonable person standard? Appellant argues that other students who were not intoxicated climbed up to the roof, but we hold that this begs the question. One cannot, by means of voluntary intoxication or by custom, defeat the duty owed by the owner or tenant of a premises to an invitee of an open and obvious danger. An open and obvious danger is just that, a danger which a reasonable person would appreciate on his own and avoid.

We hold, therefore, that appellant's third assignment of error is overruled.

Finally, we find appellant's second assignment of error regarding the liability of the national sorority for the day-to-day operations of its local chapter rendered moot by our holdings in assignments of error one and three. In those holdings, we held that the roof of the Tri Delta House posed an open and obvious danger, thereby relieving any owner or occupier from a duty to warn anyone who came on to the premises. As we stated above, under an open-and-obvious-danger theory, it is the duty of the invitee to ascertain the danger. Accordingly, there is also no duty owed by the national chapter, and we need not reach the issue of whether a national organization is liable for the day-to-day operations of its local chapter. Appellant's second assignment of error is not well taken and is hereby overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.