This is an appeal from a Scioto County Common Pleas Court judgment granting summary judgment in favor of Wal-Mart Stores, Inc., defendant below and appellee herein.
Connie Sexton and Frank Sexton, plaintiffs below and appellants herein, assign the following error.
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO APPELLEE ON THE ISSUE OF LIABILITY."
Our review of the record reveals the following pertinent facts. On February 1, 1995, appellants were shopping at a Wal-Mart store. Connie Sexton went to get some laundry detergent. She saw that the laundry detergent she wished to purchase was on the top shelf. As she had done many times before, Mrs. Sexton reached onto the top shelf to take two boxes of detergent. As Mrs. Sexton reached onto the shelf to pull the boxes down, two other boxes fell off of the shelf and hit her in the head.
On January 10, 1997, appellants filed a complaint against appellee. In their complaint, appellants alleged that appellee negligently stacked the boxes and that appellee's negligence proximately caused Mrs. Sexton's injuries.
On May 18, 1998, appellee filed a motion for summary judgment. Appellee's motion asserted that it was entitled to judgment as a matter of law because appellee did not owe appellants a duty. Appellee asserted that it possessed no duty to warn appellants of the open and obvious nature of the hazard associated with reaching onto a top shelf to gather merchandise. Appellee argued that the hazard was open and obvious because a reasonable person would realize that when removing items from a stack of merchandise, other items in the stack may fall.
On July 14, 1998, the trial court granted appellee's motion for summary judgment. The trial court found that no genuine issues of material fact existed as to whether appellee owed appellants a duty. The trial court reasoned that the hazard associated with merchandise stacked upon shelves is so obvious that it is reasonable to expect an invitee to notice the hazard and to protect himself from the hazard.
Appellants filed a timely notice of appeal.
In their sole assignment of error, appellants argue that the trial court erred by granting appellee's motion for summary judgment. Appellants assert that a genuine issue of material facts remains as to whether appellee owed appellants a duty. Appellants contend that the trial court erroneously concluded that appellee owed appellants no duty as a result of the open and obvious nature of the hazard associated with taking merchandise off of a top shelf.
Initially, we note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. Village of Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v.Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153, 1157; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
Pursuant to Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. Kulch v. Structural Fibers,Inc. (1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318;Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); Dresher, supra.
 "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment."
Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65, 72-73. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher,supra.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial.Dresher, supra; Jackson v. Alert Fire Safety Equip., Inc.
(1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
The substantive law determines whether a genuine issue of material fact remains. Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202; Turnerv. Turner (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123,1126; Perez v. Scrips-Howard Broadcasting Co. (1988), 35 Ohio St.3d 215,218-19, 520 N.E.2d 198, 202. As the court stated inAnderson, supra:
 "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v. D.O. Summers Cleaners (1998), 81 Ohio St.3d 677,680, 693 N.E.2d 217, 274; Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland (1994), 95 Ohio App.3d 388,394, 642 N.E.2d 657, 661; Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 443 N.E.2d 532; Lindquist v. Dairy MartConvenience Stores of Ohio, Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-0015, unreported.
In the case at bar, the determinative issue is whether the trial court erred as a matter of law by concluding that appellee did not owe appellants a duty because the hazard associated with removing boxes from the top shelf is open and obvious to a reasonable person. Appellants assert that Mrs. Sexton could not reasonably have known that by removing two boxes from the top shelf, other boxes stacked on the same shelf could fall. Appellants note that Mrs. Sexton has removed boxes from the top shelf many times in the past without incident. Appellants therefore imply that on February 1, 1995, the boxes were not properly stacked. Appellee, on the other hand, contends that even if the boxes were improperly stacked on February 1, 1995, Mrs. Sexton should have realized the inherent danger in removing boxes from the top shelf.
A business premises owner possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger.[1] Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474. While a premises owner is not an insurer of its invitees' safety, the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979), 58 Ohio St.2d 357,358, 390 N.E.2d 810, 812. Furthermore, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993), 68 Ohio St.3d 82,84, 623 N.E.2d 1175, 1177; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. Thus, a premises owner possesses no duty to warn its invitees of hazardous conditions that are "open and obvious."Sidle.
In Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644, 597 N.E.2d 504, 506, the Ohio Supreme Court discussed the "open and obvious" doctrine as follows:
 "The rule relieving a defendant from liability for harm resulting from "open and obvious" hazards is a legal doctrine that has developed in suits against property owners by a person injured when he comes on the property. The 'open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, at paragraph one of the syllabus; Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Sidle, supra, n. 2."
An "open and obvious danger" is one which a reasonable person would appreciate and seek to avoid. See Prest v. Delta DeltaDelta Sorority (1996), 115 Ohio App.3d 712, 716,686 N.E.2d 293, 296.
Applying the foregoing principles to the case at bar, we believe that the evidence construed most strongly in favor of appellants leads reasonable minds to conclude that the hazard associated with reaching onto the top shelf to gather merchandise is open and obvious.
In Lazzara v. Marc Glassman, Inc. (1995), 107 Ohio App.3d 163, 667 N.E.2d 1275, under similar circumstances, the court held that cardboard boxes stacked to nearly ceiling level constituted an open and obvious condition and relieved the defendant of the duty to warn the plaintiff that removing packages from the boxes could cause the stack of boxes to fall. In Lazzara, the plaintiff walked over to gather a package of toilet tissue. The toilet tissue was stacked vertically in cardboard boxes that reached almost to the ceiling. The plaintiff approached the stack of boxes containing the tissue and reached into a box that was at approximately her chin-level to remove a package of toilet tissue. Immediately after the plaintiff removed the package, the stack of boxes began falling on top of her. The court reasoned that a reasonable person would have appreciated the danger associated with removing merchandise from a stacked display and would have sought to avoided the danger.
We believe that in the case at bar, a reasonable person would have appreciated the danger inherent in removing merchandise from the top shelf of a display and would have sought to avoid the danger by asking a store associate for assistance in removing the merchandise. Thus, we conclude that Mrs. Sexton should have been aware of the danger and should have taken steps to avoid the danger. Consequently, we agree with the trial court's conclusion that the danger associated with removing merchandise from the top shelf of a display constitutes an open and obvious danger relieving the premises owner from the duty to warn its invitees of the danger.
Accordingly, based upon the foregoing reasons, we overrule appellants' assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Grey,* J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] The parties do not dispute that Mrs. Sexton was a business invitee.
* Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.