OPINION
Plaintiff-Appellant, Gregory Kraner, appeals from a summary judgment issued by the Court of Common Pleas of Mercer County in favor of Appellees, Cheryl Legg, individually and doing business as Captain Jack's; Rebecca Querry; and the Estate of Francis A. Querry, Jr. The court granted summary judgment upon concluding that Appellant's claims for negligence and a violation of the "frequenter statute", as set forth in R.C. 4101.11 and 4101.12, must fail because no genuine issue of material fact remains to be litigated. We agree with the trial court's assessment and affirm the order of summary judgment.
The facts germane to this appeal are as follows:
 In 1995, Cheryl Legg entered into an installment contract with Rebecca Querry and Francis A. Querry, Jr., for the purchase of a bar hereinafter referred to as Captain Jack's. Apparently, the building had a leaky ceiling, thus, in late summer of 1996, Legg and her then boyfriend, Kyle Gray, decided to install a new roof in an effort to alleviate the problem. On a few separate occasions, Appellant, an acquaintance of Legg and Gray, volunteered to assist in the roofing project without monetary compensation.
The record demonstrates that in order to access the roof of the bar, the parties would exit the back of the establishment, and ascend a flight of stairs located on the building immediately adjacent to Captain Jack's. At the top of the stairs, the parties would stand on top of a thin wrought iron railing and climb over the edge of a brick party wall covered with ceramic cap tile in order to reach Captain Jack's. Legg and Gray both stated that although they often used this method to get to the roof, a wooden stepladder was also placed on the stair landing as an alternative to the thin wrought iron railing.
At approximately 7:30 p.m. on September 22, 1996, the day of the incident giving rise to this lawsuit, Appellant met Gray at Captain Jack's after the two picked up Gray's daughter from a weekend visitation with her mother. Upon arriving at the bar, Gray and Legg expressed their desire to work on the roof before it grew too dark outside. Although the bar was closed to the general public, Appellant sat down to drink a beer with two other friends. Before exiting the building, Legg evidently told Appellant to finish his drink, then come up to the roof to see how much she and Gray had accomplished earlier that day. A short time later, Appellant exited the back of the bar to reach the outer stairway on the adjacent building.
Appellant has no memory of the incident from that point on, and neither Legg nor Gray actually witnessed his attempt to access the roof of Captain Jack's. However, while installing shingles on the roof, Legg and Gray both heard a loud "thud". After peeking over the edge of the building they discovered that Appellant had fallen; he was on the ground moaning and writhing in pain. A piece of the ceramic cap tile from the top of the brick party wall was near Appellant's body. Appellant sustained injuries to his face, left arm and hip as a result, and this action ensued.
On September 18, 1999, Appellant brought suit against Legg, individually and doing business as Captain Jack's; and Rebecca Querry. Additionally, since Francis Querry Jr. had passed away during the time between the accident and the filing of the action, Appellant named his estate as a defendant. The complaint alleged that the parties were negligent, and that they had violated the "frequenter statute" contained in R.C. 4101.11 and 4101.12. The defendants answered the complaint, denying any wrongdoing, and asserting the affirmative defense of assumption of the risk.
After a period of general discovery, the defendants filed a motion for summary judgment arguing that the evidence failed to reveal an issue of fact. Although Appellant filed a memo in opposition, the trial court eventually agreed with the position taken by the defendants and issued a January 31, 2000 order granting summary judgment. This appeal followed.
Appellant asserts the following as his first assignment of error:
 The trial court erred to the prejudice of the Plaintiff-Appellant in granting the Defendant's motion for summary judgment when there were genuine issues of material fact regarding the safe means of ingress and egress from business property for a business invitee.
An appellate court reviews the grant of summary judgment independently and without deference to the trial court. Prestv. Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712, 715. Summary judgment is appropriate only in cases where no genuine issue of fact exists and the movant is entitled to judgment as a matter of law. Civ.R. 56(C). After considering the evidence most strongly in favor of the nonmoving party, it must appear that reasonable minds can reach just one conclusion, and that conclusion is adverse to the party opposing summary judgment. See Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
To establish a viable claim for negligence, the plaintiff is required to show the existence of a duty of care on the part of the defendant, a breach of that duty, and that the breach proximately caused injury to the plaintiff. See, Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142. It logically follows that in the absence of a duty, no actionable negligence arises. Id. The specific duty or degree of care with which the defendant must act toward the plaintiff "depends on the relationship between the parties and the forseeability of injury to someone in plaintiff's position." Coco v. Chi-Chi's, Inc. (Sept. 23, 1999), Franklin App. No. 98AP-1306, unreported, citing Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642.
Similar to the defendants in this case, we will assume for the sake of argument only, that Appellant could properly be classified as a "business invitee". Generally, a business owner must adhere to a duty of ordinary and reasonable care for the safety of its invitees, thus, an obligation exists to keep the premises in a reasonably safe condition. Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 53. While the law does not require the business owner to act as an insurer of the safety of its invitees, there is a duty to warn of known latent dangers. Id. at 52.
Notwithstanding this general rule, an owner is under no duty to protect business invitees from dangers " * * * which are known to such invitee or are so obvious and apparent to such invitee that he [or she] may reasonably be expected to discover them and protect himself [or herself] against them." Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraph one of the syllabus. This exception is commonly referred to as the "open and obvious" doctrine. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604, citing Simmers v. Bentley Constr. Co.,64 Ohio St.3d at 644.
Appellant injured himself while attempting to access the roof of Captain Jack's. We believe that any reasonable person would consider the risk and danger involved with venturing onto a roof, especially in the manner employed by the parties in this case, to be so open and obvious so as to render any warning from the property owner pointless. See generally, Gwin v. Phi Gamma DeltaFraternity (Oct. 16, 1997), Cuyahoga App. No. 71694, unreported;Prest v. Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712. Thus, the trial court correctly concluded that a negligence action could not lie since there was no duty owed to Appellant.
Appellant's first assignment of error is overruled.
Appellant sets forth the following as his second assignment of error:
 The trial court erred to the prejudice of the Plaintiff-Appellant when the court ruled that the Plaintiff was not entitled to the protection of the "frequenter" statute under sections 4101.11 and 4101.12 of the Ohio Revised Code.
For purposes of R.C. 4101.11 and 4101.12, the so-called "safe place statutes", Appellant argues that he should be regarded as a "frequenter" of Captain Jack's since the evidence reveals that, on a few occasions, he worked as a doorman when the bar was open to the public, and he also assisted Legg and Gray in the roofing project now and again. In turn, Appellant also argues that Legg should be classified as an "employer". For the sake of this appeal, we will assume, without deciding, that Appellant was a "frequenter" and that Legg was an "employer".
It has been held that the duty owed to a "frequenter" is the same as that owed to an ordinary business invitee:
 R.C. 4101.11 is no more than a codification of the common-law duty owed by the owner or occupier of premises to business invitees to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge.
(Citations omitted.)
Westwood v. Thrifty Boy (1972), 29 Ohio St.2d 84, 86-87. As we have already stated, although there is a general duty of ordinary care owed to business invitees, that duty is obviated if the danger is "open and obvious". Sidle, supra. Since we believe that climbing on the roof, particularly in the manner employed by Appellant, was an open and obvious peril, the defendants were under no obligation of ordinary care in that respect. Accord, Rhubright v. Wigest Corp. (Feb. 14, 1997), Lucas App. No. L-96-068, unreported. Therefore, we find that the trial court correctly granted summary judgment on this claim as well as the claim for negligence.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ________________________ WALTERS, J.
HADLEY, P.J., and SHAW, J., concur.