OPINION
Plaintiffs-appellants, William E. Everett, Robin Everett, and minors Ashley Marie Everett, Alyssa L. Everett, and Austin E. Everett, appeal from the September 8, 1999 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Andrew Cinque. For the reasons that follow, we affirm.
On August 9, 1996, appellants filed suit in the Franklin County Court of Common Pleas (Case No. 96CVC08-6022) against appellee and defendants Vincent Whitaker, Standard Prosthetics, and J.K. Prosthetics. The complaint alleged negligence, breach of implied warranty, breach of contract, and loss of consortium arising out of the creation, fabrication, and fitting of a prosthetic device for appellant William Everett ("Everett"). The trial court transferred the case to the Madison County Court of Common Pleas (Case No. 97CV-01-044) on the basis that no party to the action resided in Franklin County or had its principal place of business in Franklin County.
The Madison County Court of Common Pleas granted defendants Whitaker, Standard Prosthetics, and J.K. Prosthetics' joint motion for summary judgment. In granting the motion, the Madison County trial court found that Everett had signed a release that "clearly and unambiguously establishes that [Everett] gives up any claims of liability he has or may acquire in exchange for the prosthesis provided by and through defendants." (Decision and Entry of May 9, 1997, at 8.)
Counsel for appellee then filed a motion to amend the summary judgment motion and the judgment entry granting summary judgment to include appellee as a moving party. Counsel for appellee attached an affidavit to the motion asserting that, through excusable neglect, appellee was not listed as a moving party on the defendants' joint motion for summary judgment. The Madison County Court of Common Pleas gave appellants fourteen days to show cause why appellee should not be included as a dismissed party. Appellants did not respond to the show cause order but, instead, on June 20, 1997, filed a notice of voluntary dismissal of appellee without prejudice pursuant to Civ.R. 41(A)(1).
Appellants re-filed their complaint in the Franklin County Court of Common Pleas (Case No. 98CVB06-4749) naming appellee as the sole defendant, again alleging that appellee negligently made the prosthetic device for Everett, warranted that it was fit for such use, and that appellee's negligence caused Everett to develop herniated discs necessitating surgery. In the earlier filed action, appellants had alleged all defendants were jointly and severally liable for Everett's injuries, and appellee was alleged to be an employee or owner of J.K. Prosthetics. Appellee filed an answer in the earlier filed action denying the allegation "for want of information sufficient to form a belief."
Appellee moved for summary judgment in the re-filed case on the ground that he was an employee of J.K. Prosthetics and, therefore, covered by the same release of claims that precluded recovery against the other defendants. Appellee attached to his motion an affidavit in which he stated that, at all relevant times, he was an employee of Whitaker Industries, dba Standard Prosthetics and J.K. Prosthetics. Appellee argued that principles of res judicata and collateral estoppel precluded appellants from rearguing the validity of the release.
Appellants opposed the motion for summary judgment arguing that the Madison County judgment had no application to appellee as he was not named in the motion or judgment, the release did not apply to appellee, and the Madison County judgment addressed only the release and not appellee's liability.
The trial court granted appellee's motion for summary judgment on the grounds of res judicata. The trial court found that appellee was in privity with the other defendants and, thus, the same parties were involved. The trial court further found that the release applied to appellee as the lease covered J.K. Prosthetics, and appellee was working for J.K. Prosthetics. The trial court also found that the Madison County trial court had given appellants the opportunity to show cause why appellee should not be included in its judgment, and appellants chose not to address the issue but, rather, to file a new case asserting the same claims. The trial court found that appellants' conduct was precisely the type of conduct that the doctrine of res judicata
was designed to preclude.
On appeal, appellants assert the following four assignments of error:
Assignment of Error No. One
The court erred in granting the Appellee's motion for summary judgment because in order to sustain the motion the court had to weigh the evidence and determine the credibility of the witnesses, contrary to the provisions of rule 56 of the Ohio Rules of Civil Procedure.
Assignment of Error No. Two
The court erred in applying the doctrine of Res Judicata in its decision because there was no evidence regarding the relationship of the Appellee to the parties who were named in the release and who were also the only parties to the summary judgment motion.
Assignment of Error No. Three
The court erred in considering materials that were outside the permissible limits of material to be considered by a court in a summary judgment proceeding.
Assignment [of Error] No. Four
The court ignored the effects of Ohio Rules of Civil Procedure, Rule 41 (A)(1) dismissal, when it ruled that the Appellants, by filing said dismissal, were still bound by what may have or could have been decided in the Madison County Court had the dismissal not been filed.
In their first assignment of error, appellants assert that summary judgment was improperly granted. Appellants argue that a genuine issue of material fact exists as to appellee's employment status. Aside from appellee's affidavit, appellants assert that the trial court had no evidence from which to conclude that appellee was an employee of J.K. Prosthetics. In support of this argument, appellants point to appellee's answer filed in the first action in which he denied for want of information sufficient to form a belief that he was an employee or owner of J.K. Prosthetics. Appellants argue that appellee has taken a position inconsistent with that answer in his affidavit.
Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id.
Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. As such, we apply the same standard as the trial court and conduct an independent review of the record.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360; Prest v.Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712, 715.
In this case, appellee submitted an affidavit that unequivocally indicates that, at all relevant times, he was an employee of Whitaker Industries, d.b.a. Standard Prosthetics and J.K. Prosthetics. Appellants have not identified any other evidence of the type set forth in Civ.R. 56 that creates a factual dispute as to appellee's employment status. Therefore, we must decide whether appellee's earlier denial for want of information sufficient to form a belief that he was either an employee or the owner of J.K. Prosthetics serves to create a genuine issue of material fact so as to preclude summary judgment.
Civ.R. 8(B) requires a party to admit or deny the averments upon which the adverse party relies. "If the party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." Id. "The essential purpose of the answer is to `put in issue' those allegations of fact which the plaintiff must prove at trial." 1 Klein Darling, Civil Practice (1997) 645, Section 8-8. Under Civ.R. 8(D), averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. An admission made in the pleadings is equivalent to proof of the fact admitted, Rhoden v. Akron (1988),61 Ohio App.3d 725, 728, and, therefore, is evidence of the type contemplated by Civ.R. 56(C) that may be considered in rendering a decision on summary judgment. However, if a defendant denies an allegation made by the plaintiff, the plaintiff must then present evidence at trial in order to prove the matter denied, if the matter is material to his claim. Rumpke v. Acme Sheet Roofing,Inc. (Nov. 12, 1999), Montgomery App. No. 17654, unreported.
Here, the effect of appellee's denial for want of information sufficient to form a belief was merely to place into issue the question of appellee's employment status under the pleadings. However, appellee's denial did not serve as an admission that he was not an employee or the owner of J.K. Prosthetics.
The Ohio Civil Rules contemplate that the relevant facts may be determined by discovery or the issues narrowed by a motion for partial summary judgment. Appellants had the opportunity to challenge appellee's answer or his subsequent affidavit through discovery by means of interrogatories, requests for admission, or a deposition. In the alternative, appellants could have moved for a continuance under Civ.R. 56(F) to conduct discovery or obtain affidavits. Appellants did not avail themselves of these procedures and, therefore, the only evidence in the record, of the type contemplated by Civ.R. 56(C), concerning appellee's employment status was his uncontroverted affidavit.
Appellants further argue that the answer and the affidavit are akin to the conflicting evidence in Turner v. Turner
(1993), 67 Ohio St.3d 337. Turner involved a conflict in testimony between an affidavit and deposition testimony of a party moving for summary judgment. In Turner, the defendant, who moved for summary judgment, stated in a deposition that she was unsure that conditions required her to brake to avoid an accident with another car. But, in a later affidavit, she stated that braking had been required. The Supreme Court of Ohio ruled that this inconsistency raised a credibility question and, thus, a genuine issue of material fact for the jury to resolve.
Here, we do not have such an inconsistency. First, as discussed above, we do not believe a denial for want of information sufficient to form a belief is equivalent to an admission for purposes of considering a motion for summary judgment. Second, the question of appellee's employment status is different from the purely factual dispute in Turner. As one court has noted, "one's legal status in relation to his employer most often turns on the facts and circumstances of each case. * * * For the varieties of master-servant and employer-independent contractor relationships are as endless as man's imagination."Duke v. Sanymetal Products Co. (1972), 31 Ohio App.2d 78, 81. In answering the initial complaint, appellee was required to assess his legal status in relation to Whitaker Industries, J.K. Prosthetics, and Standard Prosthetics. In order to put the opposing side on notice that appellee's employment status might be at issue, appellee was required to deny the allegation in the complaint. Appellee denied, for want of information sufficient to form a belief, that he was an employee or the owner of J.K. Prosthetics. Although under the Ohio Civil Rules, appellee's form of denial had the effect of a denial, appellee's answer did not conflict with his later affidavit. Under the notice form of pleading, appellee's answer served only to put his legal status as an employee or an owner in issue. The first assignment of error is not well-taken.
In his second assignment of error, appellants argue the trial court erred in applying the doctrine of res judicata because appellee was not named in the release and there was no evidence of the relationship of appellee to the parties named in the release. Our disposition of the first assignment of error renders this issue moot.
The uncontroverted evidence in the record was that appellee was an employee of Whitaker Industries, d.b.a. Standard Prosthetics and J.K. Prosthetics. The release signed by William Everett released from all claims "Whitaker Industries Corporation, D.B.A. Standard Prosthetics and J-K Prosthetics, and the officers, directors, agents, employees, heirs, personal representatives, successors, assigns, attorneys, and insurers of each of them," arising out of the below-the-knee prosthesis received by William Everett. Res judicata is simply inapplicable with respect to this issue because appellee has met his burden with a properly supported motion for summary judgment demonstrating William Everett released him from all claims arising out of the prosthesis made by appellee.
In his third assignment of error, appellants assert the trial court erred in considering as fact assertions made by appellants' counsel in their prior memorandum contra to the summary judgment motion in the Madison County action. Again, our disposition of the first assignment of error renders this assignment of error moot. Given the uncontroverted evidence in appellee's affidavit, there is no need to consider appellants' assertions in their prior memorandum contra.
In his fourth assignment of error, appellants argue that, as a result of their voluntary dismissal of the Madison County action, they are not bound by issues that could have been decided in that action but, prior to dismissal, were not. Appellants are correct that the Madison County court had not disposed of the claims against appellee prior to dismissal pursuant to Civ.R. 41(A). Appellants' argument is rendered moot by our disposition of the second assignment of error.
As discussed in connection with assignment of error two, the uncontroverted evidence before the Franklin County Court of Common Pleas was that appellee was an employee of Whitaker Industries, d.b.a. Standard Prosthetics and J.K. Prosthetics. The release, the validity of which was not challenged, expressly covered employees of Whitaker Industries Corporation, Standard Prosthetics, and J.K. Prosthetics. Thus, the unchallenged release inured to the benefit of appellee. The fourth assignment of error is not well-taken.
Based on the foregoing, appellants' four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.