OPINION
Plaintiff-Appellant, Michael S. Conese, ("Conese") appeals a judgment of the Court of Common Pleas of Butler County granting summary judgment in favor of Appellees, Hamilton Journal-News and Gregory Flannery ("HJN"). For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On June 6, 1998, HJN published an article written by reporter Gregory Flannery captioned "Bar Panel to Hear Ethics Complaint Against Conese". The article reported that a client of Conese's, David Rose, had publicly and in open court stated that he was filing a grievance against Conese because Conese had offered to arrange a bribe and use his personal influence with county prosecutors in resolving criminal charges against Mr. Rose. Mr. Rose's statements were contained in a letter that Rose had written to the trial judge and that the court had asked Rose to read into the record during hearing on Rose's case. Subsequent to this hearing, a grievance was filed against Conese with the Butler County Grievance Committee. The court transcript and the grievance were the basis of the article published by HJN.
Following publication of the article, Conese filed the instant action against HJN and others alleging defamation, intentional infliction of emotional distress, and invasion of privacy. Subsequently, Conese filed an amended complaint adding claims of conspiracy to commit defamation and conspiracy to commit invasion of privacy. After substantial discovery, on February 23, 2000, HJN filed a Motion to Dismiss Conese's Claims pursuant to Civ.R. 37(B) or, in the alternative, for Summary Judgment and for Sanctions. The trial court granted the motion for summary judgment by judgment entry filed October 12, 2000.
Appellant perfected this timely appeal wherein he asserts the following as his sole assignment of error:
 The trial court substantially erred to the prejudice of plaintiff-appellant, Conese, in granting HJN and Flannery summary judgment.
An appellate court reviews the grant of summary judgment independently and without deference to the findings of the trial court.[1] It is well established that summary judgment is only appropriate in cases where no genuine issue of material fact remains to be litigated, and the movant is entitled to judgment as a matter of law.[2] After construing the evidence most strongly in favor of the nonmoving party, it must appear that reasonable minds can reach only one conclusion, which is adverse to the party opposing the motion.[3] However, within the context of the First Amendment, this review takes on a special importance in order to ensure that needless litigation does not result in forbidden intrusions into constitutionally protected expression.[4] This court is mindful that summary procedures are distinctly suitable to First Amendment cases due to the chilling effect that the threat of a lawsuit may have on the exercise of First Amendment rights.[5]
The crux of the issues presented by Appellant requires a determination of whether Conese was a public figure under the circumstances of this case. Whether a person is a public figure is a question of law for the court.[6]
In the context of defamation actions, both the United States Supreme Court and the Ohio Supreme Court have defined a "public figure" as those persons who have "assumed roles of especial prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved."[7]
Conese argues that although he previously was a public official, that he is not now a public figure for the purposes of this action because of his current status as a private attorney and further because the matter reported involved a grievance allegedly filed against him. HJN, however, established that Conese served as an Assistant Butler County Prosecuting Attorney from September 1984 until January 1989, when he became a Judge of the Municipal Court. Conese served six years as judge until he was unseated in the 1995 election. Furthermore, HJN established that Conese had served as a member of the Butler County Democrat Central or Executive Committee for most of the last twenty years, including at the time of the publication of the article at issue, and he continues to be a high-profile attorney and figure in the community. In addition, the thrust of the allegations concerning the grievance both involved the ethical administration of the criminal justice system in Butler County and was presented in a reported hearing in open court.
It is clear that those people, such as Conese, who were formerly public officials, do not remain public figures forever; however, public interest in a former public official does not automatically dissipate solely with the passage of time. And, an attorney is not generally a public figure, and an allegation of a specific attorney's unethical conduct does not, per se, thrust him into the public spotlight.
It has been suggested that courts ought to employ a two-prong test in determining whether a person who once held public office continues to be a public figure. The first prong requires that a "public controversy" must exist, and the second prong requires that the person in question be involved in the controversy.[8]
This case, as pointed out by the trial court, is analogous to the situation presented in Young v. The Morning Journal (1998),129 Ohio App.3d 99. Based upon the uncontroverted facts herein, the trial court properly held that Conese was a public figure for the purposes of this action. This finding is based upon his persistent behavior of thrusting himself into a position of prominence within the community. Furthermore, it is clear that a public controversy, being the ethical conduct of the criminal justice system within Butler County, existed, and Conese clearly was involved in the controversy. Therefore, the trial court did not err in determining that Conese was a public figure.
The remainder of Conese's argument as to his first assignment of error is premised upon the trial court having erred in its determination as to his status as a public figure.
As stated before, because of the importance of First Amendment rights, summary judgment is especially appropriate. Therefore, it has been held, in the case of public figures, that in order to survive summary judgment, a plaintiff must establish actual malice with clear and convincing evidence.[9] The "focus of the inquiry is not on the defendant's attitude toward the plaintiff, but rather on the defendant's attitude toward the truth or falsity of the statement alleged to be defamatory."[10]
Conese has proffered no evidence that HJN had any knowledge that any of the statements in the articles were false, that they had any serious doubts about their truth, or that they acted in reckless disregard of the truth. Instead, Conese merely argues that the HJN negligently failed to make further inquiry into the truth of the matters beyond reading a copy of the grievance and a copy of the transcript of the proceedings in Judge Moser's courtroom. By this, Conese is impermissibly attempting to restate the burden to one of negligence rather than actual malice, and he misstates the nature of the court's inquiry. There is no merit to Appellant's argument.
Next, Conese in this assignment of error argues that the trial court improperly granted summary judgment on his claim for invasion of privacy. The premise of this argument, again, is based upon an assumption that the trial court erred in determining that Conese was a public figure.
In order to establish a claim for invasion of privacy under a publicity theory, one must demonstrate that "disclosure must be of public nature, not private, facts disclosed must be those concerning private life or individual, not public life, matter publicized must be one which would be highly offensive and objectionable to reasonable person of ordinary sensibilities, publication must have been made intentionally, not negligently, and matter publicized must not be legitimate concern to public."[11]
Since we have previously held that the facts disclosed herein concerned Conese's public life and that the matters were a legitimate concern to the public, Appellant's argument, likewise, must fail.
Finally, Conese argues that the trial court should have made a good faith extension of the law by holding that disclosure of an uncertified grievance was a disclosure concerning his private life.
The Supreme Court of Ohio has been granted authority to promulgate rules for the governance of the Bar. Pursuant to that authority, they have provided that "[a]ll proceedings and documents relating to review and investigation of grievances made under these rules shall be private * * * "[12] These rules are applicable to members of the Bar only and have no application to persons not licensed to practice law. Appellant cites no authority supporting his theory that because the rule requires that grievances be private, that therefore they must relate to an attorney's private life. We have previously held that the facts underlying the grievance herein were reported in a public forum, the concerned Conese's public life, and were matters of a legitimate concern to the public. Appellant's argument is without merit.
Based upon the foregoing, Appellant's assignment of error is not well taken and it is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
SHAW and HADLEY, JJ., concur.
[1] See Prest v. Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712,715.
[2] Civ.R. 56(C).
[3] See, Id.; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
[4] Bose Corp. v. Consumers Union of U.S., Inc. (1984), 466 U.S. 485,508, rehearing denied (1984), 467 U.S. 1267.
[5] Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116.
[6] Milkovich v. News-Herald (1984), 15 Ohio St.3d 292, 294.
[7] Id. at 295, quoting Gertz v. Robert Welch, Inc. (1974),418 U.S. 323.
[8] See Rodney A. Smolla, 1 Law of Defamation section 2.22 (2d. ed. 1999).
[9] Varanese v. Gall (1988), 35 Ohio St.3d 78, syllabus 1.
[10] Kilcoyne v. Plain Dealer Publishing Co. (1996), 112 Ohio App.3d 229,237.
[11] Seta v. Reading Rock, Inc. (1995), 100 Ohio App.3d 731, syllabus.
[12] Gov. Bar R. V, section 11(E).