OPINION
{¶ 1} Defendant-appellant, Monica Kelly, n.k.a. Courtney, appeals from a decision of the Butler County Court Area III, rendering summary judgment against her and in favor of plaintiff-appellee, Merchants Bank Trust Co., with respect to Merchants' action to collect the unpaid balance on a note executed by appellant to purchase a vehicle.
 {¶ 2} The following facts are taken from the pleadings and other filings, as well as the evidentiary material submitted by the parties in the summary judgment proceedings.
 {¶ 3} On September 25, 1993, appellant purchased a 1989 Mercury Sable from Queen City Motors in Cincinnati, Ohio. She financed the purchase through Merchants, executing a note obligating her to make 48 payments of $166.25. She also purchased an extended warranty on the vehicle through Queen City Motors, which gave her protection for the first 24 months or 24,000 miles, whichever occurred first, after the date of purchase.
 {¶ 4} On April 27, 1995 and July 13, 1995, appellant had AAMCO Transmissions[1] perform diagnostic and repair work on her vehicle. Appellant represents that she had to pay for these repairs herself, because, by this time, Queen City Motors was no longer in business. On March 15, 1996, she made what would be her last payment on the note to Merchants. On June 28, 1996, appellant's vehicle was again brought to AAMCO, which estimated that repairing it would cost approximately $980. Appellant refused to authorize these repairs, and the vehicle was returned to her.
 {¶ 5} On August 9, 1996, appellant's 17-year-old son took the vehicle to AAMCO to have it repaired. When appellant learned of this, she contacted AAMCO and asked them to return the vehicle, telling them she did not want them to repair it. However, AAMCO told her that the repairs had already been performed, and that she would have to pay $1,038 to have the vehicle returned. Appellant then contacted Merchants and informed them of the problem. According to appellant's affidavit, Merchants told her that it would "take care of it. They would have their attorneys contact [AAMCO]." Because appellant never paid for the repairs on the vehicle nor arranged to have it taken from its premises, AAMCO, on November 9, 1996, commenced proceedings pursuant to R.C. 4505.101, to have appellant's vehicle declared abandoned so that it could obtain the vehicle's title and dispose of it.
 {¶ 6} On December 26, 2000, Merchants brought a complaint against appellant, seeking payment for the unpaid balance on the note. Appellant answered Merchants' complaint and filed a counterclaim against it, alleging that Merchants was obligated to fulfill all of Queen City Motors' obligations to her. She demanded judgment against Merchants for $5,368.83 (the note's original principal amount) or, in the alternative, that the contract be rescinded and that she be refunded all sums she had paid to Merchants. On July 10, 2001, appellant brought a third-party complaint against AAMCO, alleging that AAMCO had wrongfully retained and disposed of her vehicle. She demanded judgment against AAMCO for $10,000, plus costs and interest.
 {¶ 7} Merchants and AAMCO moved for summary judgment against appellant. On July 24, 2002, a magistrate rendered summary judgment in favor of Merchants and AAMCO, awarding Merchants $6,798.97 plus interest and court costs, and dismissing appellant's complaint against AAMCO. Appellant filed objections to the magistrate's decision. On August 18, 2003, the trial court overruled appellant's objections and adopted the magistrate's decision in its entirety as its judgment.
 {¶ 8} Appellant appealed the trial court's grant of summary judgment against her and in favor of Merchants and AAMCO to this court. While this matter was pending, she dismissed AAMCO from its appeal "with prejudice to a new action." She is now proceeding solely against Merchants. In her sole assignment of error, she argues:
 {¶ 9} "The [trial] court erred in granting [merchants] summary judgment."
 {¶ 10} Appellant argues that the trial court erred in granting Merchants summary judgment because there are genuine issues of material fact remaining to be litigated in this matter. We disagree with this argument.
 {¶ 11} In evaluating a trial court's determination of a summary judgment motion, an appellate court engages in an independent review of the record, Prest v. Delta Delta DeltaSorority (1996), 115 Ohio App.3d 712, 715, applying the same standard used by the trial court. Midwest Ford, Inc. v. C.T.Taylor Co. (1997), 118 Ohio App.3d 798, 800. Pursuant to Civ.R. 56, a trial court may grant summary judgment when there is no genuine issue of material fact remaining to be litigated; the moving party is entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Harless v. WillisDay Warehousing Co. (1976), 54 Ohio St.2d 64, 66. The nonmoving party is entitled to have the evidence construed most strongly in his favor. Id.
 {¶ 12} Appellant first argues that a genuine issue of material fact was created when she denied owing money to Merchants in Merchants' demands for admissions and in her affidavit. However, that denial, standing alone, was insufficient to create a genuine issue of material fact in this case.
 {¶ 13} Civ.R. 56(E) provides in relevant part:
 {¶ 14} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.)
 {¶ 15} Here, Merchants submitted an affidavit stating that appellant was in default on her loan and setting forth the amount she owed. Despite her contentions to the contrary, appellant's denial that she was in default on the note in Merchants' demands for admissions was insufficient to create a genuine issue of material fact, since it merely relies on the same denial of the allegation that she made in her answer to Merchants' complaint. It fails to set forth specific facts showing the existence of a genuine issue of material fact for trial, as required by Civ.R. 56(E).
 {¶ 16} Appellant next argues that a genuine issue of material fact exists as a result of the extended warranty she purchased from Queen City Motors. Specifically, she asserts that while the extended warranty may have expired in 1996, there was no evidence that it had expired by July 1995 when the vehicle's transmission first failed, and that the fact that no one fulfilled the promises in her extended warranty is a defense to Merchants' claim. We find this argument unpersuasive.
 {¶ 17} Appellant has not cited any contractual provision, statute or case law that obligated Merchants to honor the extended warranty she purchased through the now-defunct Queen City Motors. Therefore, the fact that Merchants failed to fulfill the promises in appellant's extended warranty, even if it was somehow still valid in 1996, does not create a genuine issue of material fact.
 {¶ 18} Appellant also contends that because Merchants had the ability to recover the automobile from AAMCO, genuine issues of material fact remain as to whether Merchants acted in a "commercially reasonable manner," and whether Merchants' claim is barred under the doctrine of laches. We disagree with both of these contentions.
 {¶ 19} After appellant defaulted on her note with Merchants, Merchants had the option of either "reduc[ing] [its] claim to judgment * * * or otherwise enforc[ing its] claim * * * by any available judicial procedure," R.C. 1309.601(A)(1), or taking possession of the vehicle, pursuant to the parties' initial agreement, thereby assuming the rights and duties provided in R.C. 1309.207. R.C. 1309.601(B). The rights under R.C.1309.601(A) and (B) "are cumulative and may be exercised simultaneously." R.C. 1309.601(C). Merchants chose to enforce the note against appellant rather than recover the vehicle from AAMCO, once it determined that the cost of repairing the vehicle would have exceeded its value. Appellant has not presented any evidence to the contrary. Therefore, Merchants' decision to enforce the note against appellant rather than repossess the vehicle was not "commercially unreasonable."
 {¶ 20} There is also no genuine issue of material fact in this case regarding whether Merchants' claim is barred by the doctrine of laches. "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes.'" Connin v.Bailey (1984), 15 Ohio St.3d 34, 35, quoting Smith v. Smith
(1957), 107 Ohio App. 440, 443-444. "`[I]n order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.'" Connin at 35-36, quoting Smith v. Smith (1959),168 Ohio St. 447, paragraph three of the syllabus.
 {¶ 21} In this case, appellant has failed to demonstrate how she was materially prejudiced by Merchants' delay in bringing its action against her on the note. While appellant may have been able to bring some type of claim against Queen City Motors, which, in turn, may have offset some of her liability to Merchants, Queen City Motors was no longer in business by the time the transmission in appellant's vehicle failed for the final time. And while appellant did bring a claim against AAMCO, that claim was dismissed on summary judgment, and she has dismissed with prejudice her appeal from that part of the trial court's judgment.
 {¶ 22} Appellant asserts that Merchants stated in its summary judgment motion that it had no knowledge whether any of its employees had spoken to her, but that this fact is contradicted by her affidavit. Although she has failed to set it forth with specificity, appellant appears to be raising with this assertion the same argument she raised in the trial court, to wit: that a genuine issue of material fact exists as a result of her affidavit testimony that when she informed Merchants that AAMCO was refusing to release her vehicle to her, some unidentified person at Merchants told her that Merchants would "take care of it. They would have their attorneys contact AAMCO." However, this alleged promise, even assuming it was actually made, does not create a genuine issue of material fact.
 {¶ 23} A gratuitous promise is unenforceable as a contract, because no consideration has been given for it. See Carlisle v.T R Excavating, Inc. (1997), 123 Ohio App.3d 277, 283. Such a promise can be enforced under the doctrine of promissory estoppel if the promise is one that the promisor should reasonably expect to induce action or forbearance on the promisee's part; the promise did, in fact, induce such action or forbearance on the promisee's part; and injustice can be avoided only by the promise's enforcement. Mers v. Dispatch PrintingCo. (1985), 19 Ohio St.3d 100, 104. For the doctrine to apply, the promisee's reliance must be reasonable, foreseeable, justifiable, and to his or her detriment. Awada v. Univ. ofCincinnati (1997), 83 Ohio Misc.2d 100, 104.
 {¶ 24} Here, appellant never provided any consideration for Merchants' alleged promise "to take care" of her problem with AAMCO. During the summary judgment proceedings, appellant argued that she relied on this promise to her detriment, because if it had not been made, she would have recovered the vehicle herself. However, appellant did nothing for four years to determine what, if anything, Merchants did to follow through with its alleged promise "to take care" of her problem with AAMCO. Her "benign neglect" of her problem with AAMCO inescapably leads to the conclusion that she determined that the costs to her of recovering the vehicle would have far outweighed the costs to her of abandoning it. Under these circumstances, appellant cannot show that she justifiably relied on Merchants' alleged promise "to take care of" her problem with AAMCO to her detriment, seeAwada, 83 Ohio Misc.2d at 104, or that it would be unjust not to enforce Merchants' alleged promise to appellant. See Mers,19 Ohio St.3d at 104. Therefore, the alleged promise was unenforceable, and does not create a genuine issue of material fact. See Awada, 83 Ohio Misc.2d at 104.
 {¶ 25} Finally, appellant asserts that while Merchants' affidavit claims to have made a demand and notice of default, this was contradicted by her affidavit that no such demand had been made, and she was never contacted by Merchants for four years. However, appellant did not challenge Merchants' motion for summary judgment on this basis in the trial court, and therefore has waived any argument on this issue for purposes of review. SeeShover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 220.
 {¶ 26} In light of the foregoing, appellant has failed to establish the existence of a genuine issue of material fact in this matter. Accordingly, the trial court did not err in awarding Merchants summary judgment with respect to its claims against appellant, and appellant's counterclaim against it.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} The trial court's judgment is affirmed.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] AAMCO's legal name is Trabert Enterprises, Inc., d/b/a AAMCO Transmission.