DECISION AND JUDGMENT ENTRY
This is an appeal from a Pike County Common Pleas Court summary judgment in favor of Terry Noel (dba Pee Pee Gas Station), defendant below and appellee herein.
Melody L. Pennisten, Stacy Pennisten, Steven Pennisten, and Dakota Evans, plaintiffs below and appellants herein, assign the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN STRIKING PARAGRAPHS SIX AND SEVEN OF THE AFFIDAVIT OF MELODY PENNISTEN JONES."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT AND FINDING THAT NO GENUINE ISSUES OF MATERIAL FACT WERE RAISED BY THE EVIDENCE."
On October 27, 1998, appellants filed a complaint against appellee and alleged that appellee negligently maintained appellee's premises. Appellants claimed that while Melody was using the toilet in appellee's restroom, she struck "her head upon a tampon machine negligently mounted on the opposite wall."
On March 30, 2001, appellee filed a motion for summary judgment. Appellee argued that any danger associated with the tampon machine was open and obvious, and thus relieved him of any duty to warn Melody. Appellee asserted in an affidavit that he had no knowledge of any other person hitting their head on the machine and that the placement of the machine "was clearly visible."
In response, appellants submitted Melody's affidavit. In her affidavit, she averred that "the lighting and angle from which you entered the bathroom and sat upon the toilet made the danger not apparent and hid the fact that the normal path of travel for standing up would ram one's head into the machine." In paragraph six of her affidavit, Melody stated: "Affiant states that Mark Stamper, then employee of [appellee], told her that evening that there had been numerous complaints regarding the machine being placed dangerously." In paragraph seven of her affidavit, she stated: "Affiant states that in deposition, Mr. Noel indicated that he was unaware of any inspections, nor permits were obtained regarding the design of the bathroom and placement of the machine."
Appellee subsequently filed a motion to strike paragraphs six and seven of Melody's affidavit. Appellee argued that the statements contained in the paragraphs constituted inadmissible hearsay. On July 6, 2001, the trial court struck paragraphs six and seven of the affidavit and granted appellee summary judgment. Appellants filed a timely notice of appeal.
 I
In their first assignment of error, appellants assert that the trial court erred by determining that paragraphs six and seven of Melody's affidavit constituted inadmissible hearsay and by striking the paragraphs from the affidavit. Appellants contend that under Evid.R. 801(D)(2), the statements did not constitute inadmissible hearsay.
Appellee, on the other hand, argues that the trial court properly struck the paragraphs from Pennisten's affidavit. Appellee contends that the statements constitute inadmissible hearsay and may not be considered when ruling upon a summary judgment motion.
For evidentiary material attached to a summary judgment motion to be considered, the evidence must be admissible at trial. See, generally,Hall v. Fairmont Homes, Inc. (1995), 105 Ohio App.3d 424, 436,664 N.E.2d 546, 554; Gerry v. Saalfield Square Properties (Feb. 9, 1999), Summit App. No. 19172, unreported ("Statements in affidavits that would otherwise be inadmissible at trial are to be excluded on summary judgment."); "Affidavits based on hearsay evidence are not admissible for the purposes of summary judgment." Hall, 105 Ohio App.3d at 436,664 N.E.2d at 554.
Evid.R. 801(D)(2)(d) provides that a statement made by a party's agent or servant concerning a matter within the scope of his or her agency or employment during the existence of the relationship is not hearsay. The party claiming admissibility under Evid.R. 801(D)(2)(d) bears the burden of showing that the statements concerned a matter within the scope of declarant. See Gerry; Brock v. General Elec. Co. (Jan. 30, 1998), Hamilton App. No. C-970042, unreported. Absent evidence that the statement concerned a matter within the scope of the declarant's duties, the statement is not admissible. Shumway v. Seaway Foodtown, Inc. (Feb. 24, 1998), Crawford App. No. 3-97-17, unreported.
In Johnson v. United Dairy Farmers, Inc. (Mar. 8, 1995), Hamilton App. No. C-940240, unreported, the trial court, when ruling on a motion for summary judgment, struck the following statements as inadmissible hearsay: (1) "the newspaper rack was in `a bad location'"; and (2) an "employee moved it out of the way because `she was afraid somebody else would do the same thing.'" The court of appeals affirmed the trial court's decision, and noted that "admissions of liability against an employer are not within an employee's scope of employment, and therefore would not be admissible under Evid.R. 801(D)(2)(d)." See, also, Gerry
(statement in affidavit that maintenance man informed affiant that the safety gate cable came off the pulley in the past when flung open inadmissible hearsay because no evidence that the maintenance of freight elevator within scope of maintenance man's duties); Shumway (statements of supermarket cashier as to whether store's freezer had recently experienced problems not within Evid.R. 801(D)(2)(d) absent evidence that freezer maintenance was within scope of cashier's employment).
In the case at bar, appellants have not met the burden of demonstrating that the statements fall within Evid.R. 801(D)(2)(d). No evidence exists that bathroom maintenance was within either of the declarant's duties. Furthermore, "admissions of liability against an employer are not within an employee's scope of employment." Johnson, supra. Consequently, the trial court did not err by striking the statements from the affidavit.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In their second assignment of error, appellants assert that the trial court erred by granting summary judgment in appellee's favor. Appellants contend that genuine issues of material fact remain as to whether appellee breached a duty owed to appellants.
Appellee argues that the trial court properly entered summary judgment in appellee's favor. Appellee contends that any danger the tampon machine presented was open and obvious, and thus relieved appellee of a duty to warn appellants.
When an appellate court reviews a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo
review. See, e.g., Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243, 1245; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v. D.O. Summers Cleaners (1998), 81 Ohio St.3d 677,680, 693 N.E.2d 217, 274; Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142, 539 N.E.2d 614, 616; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. SeeFeichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394, 642 N.E.2d 657,661; Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 443 N.E.2d 532;Lindquist v. Dairy Mart Convenience Stores of Ohio, Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-0015, unreported.
Whether a defendant owed a plaintiff a duty is a fundamental aspect of establishing actionable negligence. Jeffers, supra. As the Jeffers court stated:
 "`* * * If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.' (Footnotes omitted.) 70 Ohio Jurisprudence 3d (1986) 53-54, Negligence, Section 13. Only when one fails to discharge an existing duty can there be liability for negligence."
Id., 43 Ohio St.3d at 142, 539 N.E.2d at 616; see, also, Strother,supra. Whether a duty exists on the part of a particular defendant is a question of law for the court to decide. See Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270; Wheeling Lake Erie RR.Co. v. Harvey (1907), 77 Ohio St. 235, 240, 83 N.E. 66, 68; see, alsoMidwestern Indem. Co. v. Wiser (June 22, 2001), Ashtabula App. No. 2000-A-0055, unreported; Arsham v. Cheung-Thi Corp. (May 31, 2001), Cuyahoga App. No. 78280, unreported. We further note that "simply because resolution of a question of law involves a consideration of the evidence does not mean that the question of law is converted into a question of fact or that a factual issue is raised." Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68, 430 N.E.2d 935, 937. As stated in O'Day v.Webb (1972), 29 Ohio St.2d 215, 219, 280 N.E.2d 896, 899:
 "[A] review of the evidence is more often than not vital to the resolution of a question of law. But the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact."
See, also, Henley v. Youngstown Bd. Zoning Appeals (2000),90 Ohio St.3d 142, 148, 735 N.E.2d 433, 439.
In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291, 294. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger.[1] Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357,358, 390 N.E.2d 810, 812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g.,Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177;Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in Sidle:
 "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."
Id., paragraph one of the syllabus. In Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506, the court discussed the rationale behind the open and obvious doctrine as follows:
 "The rule relieving a defendant from liability for harm resulting from `open and obvious' hazards is a legal doctrine that has developed in suits against property owners by a person injured when he comes on the property. The `open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. * * * The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."
Id. (citations omitted.)
In the case at bar, any danger associated with the placement of the tampon machine was open and obvious. Appellant did not claim that she could not or did not see the machine affixed to the bathroom wall. Once a person sees an object protruding from a wall, the person obviously must note the dangers associated with the object. It is common knowledge that if the person hits the object, the person may suffer a bruise or worse. The owner of the premises may reasonably expect that a person would exercise caution around the object and take care not to injure him or herself.
Appellant's argument that her affidavit creates a genuine issue of material fact as to whether the danger was open and obvious is without merit. "Conclusory allegations are not sufficient to survive a properly supported motion for summary judgment." Ingram v. Conrad (Dec. 20, 2001), Athens App. No. 01CA36, unreported (citing Wolfe v. Little (Apr. 27, 2001), Montgomery App. No. 18718, unreported, and Civ.R. 56(E)); see, generally, Muenchenbach v. Preble Co. (2001), 91 Ohio St.3d 141,144, 742 N.E.2d 1128, 1130. Furthermore, as we noted above, whether a danger is open and obvious is a question of law for the court, not the fact finder, to decide.
Accordingly, based upon the foregoing reasons, we overrule appellants' assignments of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment Opinion.
[1] The parties do not dispute that Melody was a business invitee and that appellee is the owner or occupier of the premises.